540 P.2d 808

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Phillip Wayne GOWIN, Defendant-Appellant.**

**No. 11869.**

Supreme Court of Idaho.

Oct. 3, 1975.

Darrel W. Aherin, Lewiston, for defendant-appellant.

Wayne Kidwell, Atty. Gen., and James W. Blaine, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM:

This is an appeal from the imposition of sentence upon appellant Phillip Wayne Gowin following a plea of guilty to the charge of robbery and entry of judgment of conviction. No appeal is taken from the judgment of conviction and the sole question presented is the alleged abuse of discretion by the trial judge in sentencing appellant to a term of life imprisonment.

Appellant was initially charged with the crime of robbery involving the use or threat of use of a firearm. A later amendment struck any reference to use or threat of use of a firearm. Plaintiff was at that time also charged with an unrelated grand larceny complaint. Following a plea bargaining negotiation the grand larceny charge was dismissed and appellant pleaded guilty to the amended robbery charge.

Prior to sentencing a presentence report was ordered and furnished the court. The trial court sentenced appellant to life imprisonment and stated that the sentence was based on the following factors: 1) that robbery is a serious offense; 2) appellant had two prior felony convictions and a propensity to commit crimes; 3) he would not likely be rehabilitated through probation; 4) he would not likely adhere to the probation restrictions having violated parole terms before; and 5) society needed protection from his type of character and conduct. The relevant statute, I.C. § 18–6503, provides that upon conviction of robbery a sentence of five years to life may be imposed.

■ The only substantial question presented herein is whether an adequate presentence report was furnished to the trial court upon which it could exercise its discretion in determining the punishment to be meted out to appellant. We hold that under any standard the presentence report was inadequate. Therefore, the trial court had inadequate information upon which to base its exercise of discretion and we accordingly vacate the sentence.

The presentence report describes the crime only in the charging language of complaint. The defendant's early life, health, marital status, military background and education are dealt with somewhat sketchily, but the report is adequate in those regards. It is in the area of prior criminal history and future evaluation wherein the report is deficient.

The report indicates appellant had been convicted of four prior felonies but they are not delineated as to time, place, offense or sentence. The report indicates two prior penal incarcerations but does not delineate where, the extent or disposition although the report indicates two paroles. The report indicates only that defendant was convicted of misdemeanors of unknown type and number and defendant had served jail incarcerations in an uncertain number. At the sentencing hearing, defendant claimed conviction of only two felonies and the presentence report was so amended. The author of the presentence report indicated that he had had the appellant under his parole supervision and that appellant had been a violator of the parole. The author of the report noted that the subject "is plunging rapidly in the wrong direction. The subject is not motivated to live in society by any type of rule and he doesn't have any respect for the law and no respect for the rights of others. He is, in fact, not only a threat or menace to himself, but he is definitely a threat and menace to others."

The presentence report contains such serious errors and deficiencies particularly in the area of prior criminal history of this appellant that it could furnish no basis for the trial court's exercise of discretion in determining the punishment to be imposed. It is conceivable that the sentencing court was thereby misled. Further, the evaluation of appellant's future prospects is stated in such generalities and lack of specificity as to provide no assistance to the trial judge.

■ We recognize that a presentence report is only mandatory in the event that a trial court is considering a defendant for probation (I.C. § 20–220, *State v. Rolfe*, 92 Idaho 467, 444 P.2d 428 [1968]; *State v. McCallum*, 77 Idaho 489, 295 P.2d 259 [1956]). We have held that a presentence report is not necessarily a requirement for the sentencing of a convicted felon. *State v. Whitman*, 96 Idaho 489, 531 P.2d 579 (1975). It may well be that the court in the instant action possessed information other than the presentence report upon which he exercised his discretion, however, the record does not so demonstrate. A record must reflect some basis for the exercise of discretion by the sentencing court. Here, the record only reveals that the presentence author recommended that the appellant be "warehoused" in the state penitentiary. Such recommendation is not supported by any *facts* of sufficient detail but only by conclusionary statements of vague generality.

The sentence imposed is hereby vacated and the cause is remanded to the district court for further proceedings consistent herewith. The trial court is directed to obtain an adequate presentence report in accordance with the standards hereto before laid down by this court. If the court deems the personnel then presently available to provide such services inadequate, he is hereby authorized to obtain the necessary information from other sources. If in the discretion of the district court a psychological evaluation of the appellant is or may be desirable, such may be obtained and utilized by the district court in passing sentence.