No. 13480

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

DONALD E. RYAN,

                Petitioner and Appellant,

    vs.

ROGER CRIST, WARDEN,

                Respondent and Appellee.

---

Appeal from:  District Court of the Thirteenth Judicial
              District, Honorable Robert Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

    Donald E. Ryan, Pro Se, Deer Lodge, Montana

    For Respondent:

    Michael Greely, Attorney General, Helena, Montana
    Harold F. Hanser, County Attorney, Billings,
     Montana

    Argument  waived and submitted on briefs.

---

Submitted: January 14, 1977

Decided: MAY - 9 1977

Filed: MAY - 9 1977

_Thomas J. Kearney_
                    Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant appeals from an order of the district court, Yellowstone County, refusing to vacate a 10 year sentence imposed for three counts of grand larceny. He contends that in imposing this sentence the district court improperly considered his prior felony record because defendant did not have counsel when the state obtained the convictions. The state does not dispute that he did not have counsel at the time.

The facts leading to defendant's claim are: On July 27, 1973, defendant pleaded guilty to three counts of grand larceny and the district court deferred imposition of sentence for one year. (The pre-sentence report showed defendant did have a prior felony record, although there was no indication defendant was then without counsel). Almost a year later, on July 8, 1974, the Yellowstone County attorney filed a petition for revocation of the deferred sentence alleging defendant committed the crime of larceny while on probation. Defendant was represented at the revocation hearing by a public defender. After hearing, the district court revoked the deferred sentence and imposed a 10 year prison sentence. On appeal this Court affirmed on an issue not related to this present appeal. State v. Ryan, 166 Mont. 419, 533 P.2d 1076.

While serving his time in prison, defendant filed a pro se proceeding with the sentencing court seeking to vacate his 10 year sentence. He claimed he was entitled to be resentenced because the district court improperly considered his felony record acquired before he pleaded guilty to the three counts of grand larceny. Defendant claimed this to be illegal, because he did not have counsel representing him.

Upon receiving this claim the district court appointed the

- 2 -

public defender to represent defendant (the same public defender who had represented defendant at the probation revocation hearing and on the previous appeal). Defendant was not returned from prison to participate at the hearing.

Although the district court did not hold an evidentiary hearing, it is clear the state did not dispute that defendant's previous felony record was constitutionally infirm because he did not have counsel representing him. Accordingly, under those circumstances the district court could not consider those previous felonies as a basis for sentencing the defendant, after he had pleaded guilty to the later felonies. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L ed 2d 592. As a basis for keeping the sentence at 10 years the district court simply concluded the sentence would have been the same even if he had not considered defendant's prior felony record. We have no way of knowing the processes used by the district court judge in initially imposing the 10 year sentence.

Defendant, filing his briefs pro se, raises several issues but since we reverse and remand for resentencing we need only consider the issue of the previous felony convictions obtained while defendant was not represented by counsel.

It is clear that a sentencing court cannot rely upon a previous criminal record in sentencing if that record contains constitutionally infirm convictions. United States v. Tucker, supra. It is undisputed here that defendant was not represented by counsel when he was convicted of the previous felonies. However, the state contends the 10 year sentence imposed when his felony record was exposed to the sentencing judge was cured when the district judge stated the sentence would have been the same, even

if he had not known of the previous felony convictions. That is not enough. There is nothing in the record to support that position, nor do we think it is the proper way of handling the situation.

Apparently several federal courts have taken the position similar to that urged by the state. Lipscomb v. Clark, 468 F.2d 1321 (5th Cir.); Russo v. United States, 470 F.2d 1357 (5th Cir.); Wilsey v. United States, 496 F.2d 619 (2d Cir); United States v. Hermann, 524 F.2d 1103 (2d Cir.). The theory is that the process has been purified by the sentencing court's determination that the sentence he originally handed down would still be the same if he had not had improper information before him. A defendant is only entitled to be resentenced if the sentencing court concludes the improper information might have affected the sentence. We do not adopt this approach.

We hold that where it is shown improper matters have been brought before the sentencing court for its consideration in sentencing, and where those matters are not disclosed and explained at the sentencing hearing, a defendant has a right to be resentenced. This is the best way of preserving the integrity of the sentencing process.

The judgment of the district court is reversed and this case is remanded to the district court for resentencing.

Daniel J. Shea
Justice

- 4 -

We concur:

_____
Chief Justice

_____

_____

_____
Justices.