No. 13774

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

THE STATE OF MONTANA,

    Plaintiff and Respondent,

 -vs-

TONY M. KNAPP,

    Defendant and Appellant.

---

Appeal from: District Court of the Fifth Judicial District,
      Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

 For Appellant:

  Schulz, Davis and Warren, Dillon, Montana
  John Warren argued, Dillon, Montana

 For Respondent:

  Hon. Mike Greely, Attorney General, Helena, Montana
  Daniel Kemmis argued, Missoula, Montana
  W. G. Gilbert, III, argued, County Attorney, Dillon,
   Montana

---

         Submitted: September 29, 1977

          Decided:

Filed:

    _Thomas J. Kearney_
           Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court:

Defendant appeals from an order of the District Court, Beaverhead County, revoking a deferred imposition of sentence for failure to make regular reports to a probation officer, and sentencing the defendant to two concurrent 10-year terms in prison for two counts of robbery.

On appeal defendant alleges the district judge abused his discretion when he revoked defendant's deferred imposition of sentence. He claims the judge was unduly influenced by public opinion when he revoked, that he mistook the defendant for another defendant being sentenced the same day in the same court, that the judge misunderstood the offenses involved in the defendant's own case, and that he based his decision on insufficient evidence.

Because of the apparent confusion as to the crimes involved, which confusion may have existed before the revocation order, we are compelled to set aside the revocation and sentencing. We find no merit in defendant's other allegations of abuse of discretion.

Defendant was charged with two counts of robbery and one count of burglary by Information filed March 13, 1975. He pled guilty to the two robbery counts on arraignment May 20, 1975. The court dismissed the burglary count on motion of the county attorney. On June 17, 1975, the court imposed a three year deferred imposition of sentence on both counts of robbery. As a condition of the deferred imposition, the court required defendant to abide by the rules and regulations of the State Board of Pardons. One of the rules required defendant to make monthly reports to a parole officer.

Defendant reported regularly to a parole officer from June 17, 1975 to June 15, 1976, but then failed to report for the next four months, at which point the probation department issued a report of violation and issued an arrest warrant. Defendant was arrested February 28, 1977, and appeared with counsel March 10, 1977, at a hearing on the state's motion to revoke the defendant's deferred imposition of sentence. The probation officer testified to the failure to make monthly reports and his violation report was admitted in evidence. Defendant did not explain his failure to report.

After granting the motion to revoke, the district judge commented that he was "subject to untold criticism" for his original decision to defer the defendant's imposition of sentence. Although he commented on the two counts of robbery before he revoked the deferred sentence, almost immediately after the order of revocation he sentenced defendant to six months in jail and a $500 fine for misdemeanor theft, and 10 years in prison for felony theft. Counsel for defendant pointed out to the judge that the offenses to which the defendant had pled guilty were two counts of robbery. At that point the judge reexamined the Information charging the defendant, and sentenced him to 10 years on felony theft and 10 years on burglary. Counsel for defendant again corrected the judge as to the offenses involved, and the judge imposed a sentence of 10 years in prison on each count of robbery, the terms to run concurrently.

We do not agree with defendant's contention that the judge was unduly influenced by public opinion. His comment that he had been "subjected to untold criticism" by imposing the original

- 3 -

sentence was made in the permissible context that the judge

originally had confidence in defendant but defendant had

not upheld that confidence. Such comment is not necessarily

an indication of passion or prejudice as defendant asserts.

In Commonwealth ex rel. Hendrickson v. Myers, 182 Pa.Super.

169, 126 A.2d 485, 488 (1956), the reviewing court stated

in a similar situation:

> "'Judge Boyer's remarks * * * were characteristically
> phrased in terms of almost personal concern that
> relator had not seen fit to profit by the prior con-
> sideration given him by the juvenile court probation.
> We cannot believe that there was any element of * * *
> or unfairness present in his mind.'"

The same is true in the instant case. Here, the trial judge

as much as stated he had confidence in defendant and com-

passion for his wife and child, but defendant did not uphold

his confidence.

Furthermore, the evidence clearly showed a violation of

the probation conditions. Defendant admitted he agreed to

follow the rules and regulations of the parole board, one of

which required regular reports to a probation officer. Montana

Administrative Code §§ 20-3.10(18)-S10150; 20-3.10(6)-S10060

(1)(f). Section 95-3305, R.C.M. 1947, provides that failure to

abide by a condition of probation is grounds for revocation of

probation. A failure to report is sufficient grounds for

revocation. People v. McCaster, 19 Ill.App.3d 824, 313 N.E.2d

308,309 (1974); Moore v. State, Okla.Cr. 1971, 489 P.2d 1359,

1360.

While revoking solely on that ground should be sparingly

used, here there was an 8 month period between defendant's

failure to report and ultimate arrest. Moreover, at the hearing

- 4 -

he did not explain his failure to report, nor his conduct during those 8 months. One of the reasons for requiring a report is to have at least some idea of what defendant had been doing during the interim period. The probation office had no idea. In fact, it did not even know where he was during that time. Section 95-2206(1), R.C.M. 1947, gives the court discretion to revoke a deferred sentence and we cannot say that discretion was abused under the above facts.

Even though a district court has the discretionary power to revoke a deferred sentence, that discretion must be exercised in such manner that the sentencing judge knows who the defendant is and the charges upon which the state is seeking to have a sentence imposed. In the present case we cannot say with any certainty that the district judge before he revoked the deferred sentence, knew defendant had pled guilty only to two counts of robbery.

Here, immediately after the judge revoked the deferred sentence, he sentenced the defendant for misdemeanor theft and felony theft. For misdemeanor theft he sentenced defendant to the maximum, 6 months in the county jail and a $500 fine. For felony theft he sentenced defendant to 10 years in prison. Defendant was never convicted of misdemeanor theft. A charge of felony theft, filed along with the robbery charges, was dismissed. It was only after a prolonged discussion between defense counsel, the prosecutor, and the judge that the judge realized the only charges before the court were 2 counts of robbery. Defendant was then sentenced to 10 years on each count of robbery, the sentences to run concurrently.

- 5 -

Although the record does not reveal what was in the judge's mind before he revoked the deferred sentence, we can only speculate as to whether his mistaken impression that defendant had been convicted of felony theft and misdemeanor theft influenced his decision to revoke the deferred sentence. Since defendant had been convicted of neither, the order of revocation, and consequently, the sentencing, must be set aside.

Incorrect or misunderstood information regarding a defendant may be grounds for vacating a sentence imposed upon him on the basis of that information. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L ed 1690,1693 (1948); United States ex rel. Jackson v. Myers, 374 F.2d 707 (3rd Cir. 1967); United States v. Weston, 448 F.2d 626 (9th Cir. 1971); United States v. Espinoza, 481 F.2d 553 (5th Cir. 1973); State v. Gowin, 97 Idaho 146, 540 P.2d 808 (1975). In Townsend the sentencing court considered two dismissed charges against the defendant and two charges of which the defendant had been acquitted. On setting aside the sentence and remanding for resentencing, the United States Supreme Court stated:

> "* * * We are not at liberty to assume that items given such emphasis by the sentencing court, did not influence the sentence which the prisoner is now serving.

> "We believe that on the record before us, it is evident that this uncounseled defendant was either overreached by the prosecution's submission of misinformation to the court or was prejudiced by the court's own misreading of the record. * * * Consequently * * * this prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue. Such a result, whether caused by carelessness or design, is inconsistent with due process of law, and such a conviction cannot stand." 92 L ed 1693."

- 6 -

We recognize that counsel was not present in Townsend, but was present in the instant case, and the initial hearing in this case was a revocation hearing, as opposed to a sentencing hearing. However, not much could be done here by counsel to correct an erroneous impression in the judge's mind that could have existed before his revocation order. The information did not come out until after the revocation order. Surely a defendant can be prejudiced as much by mistaken assumptions concerning his criminal background when a deferred sentence is revoked, as he can when he is sentenced. In United States v. Weston, supra, the court stated:

> "In Townsend v. Burke * * * the Supreme Court made it clear that a sentence cannot be predicated on false information. * * * A rational penal system must have some concern for the probable accuracy of the informational imputs in the sentencing process." 448 F.2d 634.

In Ryan v. Crist, _____Mont._____, 563 P.2d 1145, 34 St.Rep. 342 (1977), this Court held the sentencing court to rigorous standards with regard to the use of information before the court in a presentence report. Rigorous standards are equally as important when the trial court is passing upon the state's motion to revoke a deferred or suspended sentence. We hold the trial judge must have, and the record must reflect that he has, substantially correct information concerning the defendant before he can affect a defendant's substantial rights by entering an order of revocation.

The order of revocation and sentence is set aside and the cause is remanded for further hearing on the state's petition to revoke.

X _Daniel J. Shea_
Justice

- 7 -

We Concur:

_____
Chief Justice

_____

_____
Justices.