579 P.2d 692

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Phillip Wayne GOWIN, Defendant-Appellant.**

**No. 12153.**

Supreme Court of Idaho.

May 30, 1978.

Darrel W. Aherin, Lewiston, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., James F. Kile, Asst. Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

In 1975, appellant Phillip Wayne Gowin pled guilty to the crime of robbery and was sentenced to life imprisonment. He appealed from that sentence, contending that the trial court had abused its discretion. In *State v. Gowin*, 97 Idaho 146, 540 P.2d 808 (1975), this court vacated the sentence and remanded the case for resentencing. This court held that the original presentence report was inadequate "in the area of prior criminal history and future evaluation" and stated:

> The trial court is directed to obtain an adequate presentence report in accordance with the standards hereto before laid down by this court. If the court deems the personnel then presently available to provide such services inadequate, he is hereby authorized to obtain the necessary information from other sources. If in the discretion of the district court a psychological evaluation of the appellant is or may be desirable, such may be obtained and utilized by the district court in passing sentence.

97 Idaho at 147, 540 P.2d at 809.

Prior to the resentencing hearing the trial court ordered a psychological evaluation but no new "presentence report" was prepared. During the hearing the trial court made reference to the psychological evaluation, stating that it showed appellant was "antisocial" and would "continue to commit crimes." The court also enumerated appellant's prior felony charges and convictions, noting that since being sentenced in this case appellant and another person had been involved in an assault upon an elderly man, which apparently resulted in yet another felony conviction.

Appellant made no objection to the psychological evaluation and did not make it part of the record on appeal. Nor did appellant dispute the court's statements of prior offenses or the assault. Furthermore, no objection was made to the lack of a new presentence report. Although appellant himself declined to make a statement when the trial court gave him the opportunity, his counsel asked the court to consider a ten year sentence. His counsel also advised the court that appellant had married since his conviction and that progress slips of appellant's vocational training indicated progressively better reports. At the conclusion of the sentencing hearing the court again sentenced appellant to life imprisonment.

In this appeal appellant argues that the court below disregarded this court's mandate to prepare a new presentence report and abused its discretion in imposing a life sentence.

■ This court previously found appellant's presentence report deficient in stating his "criminal history" and "future evaluation." An examination of the record shows that at the time of resentencing, the trial court was familiar with appellant's criminal record, including the offense committed since appellant was first sentenced. Appellant did not contest the accuracy of the court's statements, nor does he allege here that the trial court's information was erroneous or incomplete. The record also shows that the psychological evaluation addressed appellant's prognosis for rehabilitation. Again appellant made no objection to the evaluation to the trial court and failed to make the evaluation part of the appeal record. This court must conclude that although a complete new presentence report was not prepared, the trial court sufficient-

ly informed itself about appellant in those areas inadequately treated in the original report to satisfy this court's mandate on remand. Furthermore, the record shows that the trial court was sufficiently knowledgeable about appellant's prior criminal record and the likelihood of his rehabilitation so that it could properly exercise its discretion in resentencing appellant. Therefore this court declines to vacate the sentence either on the ground that the trial court was insufficiently informed about appellant to resentence him or that it ignored this court's directive on remand.

Furthermore, on the basis of the limited appeal record, this court is unable to determine that the trial court abused its discretion in sentencing appellant to life imprisonment. Appellant having shown no abuse of discretion, the sentence is affirmed.

SHEPARD, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.