No. 79-46

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

THE STATE OF MONTANA,

Plaintiff and Respondent,

vs.

STANLEY CHARLES OLSEN,

Defendant and Appellant.

_____

Appeal from:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin.
Honorable Joseph B. Gary, Judge presiding.

Counsel of Record:

For Appellant:

Phillip N. Carter, Bozeman, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Donald White, County Attorney, Bozeman, Montana

_____

Submitted on briefs: April 24, 1980

Decided: JUL 28 1980

Filed: JUL 28 1980

_____ Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendant was convicted of the crime of burglary after a jury trial in the Eighteenth Judicial District, County of Gallatin. Defendant appeals both the judgment and the sentence.

In the early morning hours of May 26, 1979, Belgrade, Montana, police officers spotted two persons acting suspiciously near a parked vehicle. As the officers approached, one person jumped into the automobile while the other fled on foot, eventually eluding police. The suspect in the car, identified as Mary Donahue, was apprehended after a high-speed chase. Later that same morning a number of chain saws were reported missing from Tony's Equipment & Saw Shop in Belgrade. Shortly thereafter, Mary Donahue gave an oral statement to the police.

Defendant Olsen was arrested and identified as the second suspect who had fled the scene hours earlier. A consent search of the vehicle resulted in the recovery of eight chain saws.

The criminal information charged defendant with aiding and abetting Mary Donahue in the commission of burglary. An amended information was filed six days before the scheduled June 26, 1979, trial date, charging Olsen with burglary as the principal perpetrator of the alleged crime. Olsen was arraigned on the new charges, and trial was rescheduled for July 5, 1979. The jury convicted Olsen of the crime of burglary, and the trial judge sentenced him to ten years at the Montana State Prison, without any possibility of parole or participation in the prison furlough program.

Defendant raises two issues on appeal:

1. Is section 46-11-403(1), MCA, which permits an information to be amended once as to substance up until five days prior to trial without leave of court, unconstitutional in that it does not require a judicial examination to make such a substantive change?

2. Was the sentence and judgment in this case proper?

This Court recently resolved the first issue in State v. Cardwell (1980), ___ Mont. ___, 609 P.2d 1230, 37 St.Rep. 750, wherein we held that section 46-11-403(1), MCA, was indeed unconstitutional and that we were therefore obliged to reverse the defendant's conviction due to the effect that statute had on defendant's right to a fair trial. Any statute allowing the amendment of a criminal information without leave of court is in conflict with Article II, Section 20, 1972 Montana Constitution, and must be declared invalid. State v. Cardwell, 609 P.2d at 1233.

Accordingly, the decision in Cardwell is binding on the issue of the constitutionality of section 46-11-403(1), MCA. We do not, however, find ourselves required to summarily reverse the convictions of the District Courts where this statute was relied upon, without first concluding that the use of the invalid statute prejudiced the defendant's case and interfered with his right to a fair trial. Each case must be reviewed and decided on its own facts. As this Court ruled in State v. Armstrong (1977), 172 Mont. 296, 300, 562 P.2d 1129:

> ". . . Any error which does not affect the substantial rights of the defendant constitutes 'harmless error' and will not constitute grounds for reversal on appeal. Section 95-2425, R.C.M. 1947. [Now section 46-20-701, MCA.] Rule 14, M.R.App.Civ.P." (Emphasis

supplied.)

Moreover, we will not presume that the use of section 46-11-403(1), MCA, was per se prejudicial. The requisite prejudice must be shown from the record as a denial of a substantial right. State v. Gallager (1968), 151 Mont. 501, 445 P.2d 45, 47. See also State v. Walker (1966), 148 Mont. 216, 419 P.2d 300.

The record reveals that the original information charged Olsen with aiding and abetting in a burglary. The amended information charged the defendant with burglary as a principal in the crime. Both theories went to the jury. The trial court's Instruction No. 5 explained the offense of burglary, and Instruction Nos. 14 and 15 defined the crime of aiding and abetting. We specifically approved such a practice in State v. Oppelt (1978), 176 Mont. 499, 580 P.2d 110, 35 St.Rep. 727.

We take note of the fact that in Cardwell the amended information was substantially different from the original information. In the case before us the crimes charged in the informations both may lead to the same punishment, and because both theories were placed before the jury there exists no substantial departure from the original information that would materially prejudice defendant's case.

When this Court overturned the amended information statute in Cardwell, we examined two basic procedural safeguards that were denied the defendant and which significantly affected his right to a fair trial. The first was that a defendant should receive a neutral determination of probable cause for detention under the amended charges. As previously mentioned, the

amended information in Cardwell constituted a substantial departure from what the defendant was originally charged with, and the fact that a judge had not reviewed the new information was greatly injurious to his right to a fair trial. We are not persuaded that the same injury took place here. Admittedly, Olsen was entitled to have the amended information reviewed by a judge. However, because the informations were based on the same set of facts and because the charges involved were not significantly different, we can find no prejudice to this defendant's rights.

The second procedural safeguard that was the basis of the Cardwell decision was that of notice and opportunity to defend. We agree that one of the purposes of a criminal information is to notify the defendant of the offense charged and to give the defendant a chance to defend against the new charge. State v. Cardwell, 609 P.2d at 1233; State v. Tropf (1975), 166 Mont. 79, 88, 530 P.2d 1158, 1163; State v. Heiser (1965), 146 Mont. 413, 416, 407 P.2d 370, 371. Further, our decision in Cardwell stood for the proposition that when an amended information makes substantive changes in the charges against a defendant, he should be arraigned under the new charges. State v. Cardwell, 609 P.2d at 1233; citing State v. Butler (1969), 9 Ariz. App. 162, 450 P.2d 128, 131; Hanley v. Zenoff (1965), 81 Nev. 9, 398 P.2d 241, 242.

In our review of the record in this case, it is apparent that defendant was accorded every notice consideration, including arraignment on the amended information in open court on June 20, 1979, a full sixteen days before his jury trial on those charges. At no time following the filing of the amended information and his arraignment on the new charges did defendant express any desire for a continuance to make further preparation

for his defense. It is clear from the record that this defendant, unlike the defendant in <u>Cardwell</u>, received every procedural consideration concerning notice and arraignment, and that he was afforded sufficient time to prepare his legal defense against the amended information. The use of section 46-11-403(1), MCA, in no way prejudiced defendant's case or materially interfered with his rights to a fair trial.

Regarding defendant's second issue, the District Court sentenced him to ten years in the State Prison. The sentence further provides that defendant is not eligible for parole or for participation in the prison furlough program, pursuant to section 46-18-202(2), MCA. That section requires the judge to set forth his reasons in writing for denying any possibility of parole or furlough.

Defendant asserts that the sentence is improper because the District Court relied on a presentence investigation report that contained false and misleading information and was otherwise prejudicial to defendant. The claims involve several items on his F.B.I. "rap" sheet. He asserts that the court erroneously relied on a 1954 felony conviction in the State of Washington that was reversed, an Oregon felony conviction that was reversed, and a felony conviction in Wyoming that was constitutionally infirm. Olsen also contends that the length of the "rap" sheet, four and one-half pages with some forty-five entries, was prejudicial to the District Court sentence, insofar as only sixteen entries reflect convictions.

This Court has adopted the rule expressed by the United States Supreme Court in Townsend v. Burke (1948), 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690, that a defendant is entitled to have his sentence predicated on <u>substantially</u> correct information. State v. Knapp (1977), 174 Mont. 373, 570 P.2d 1138.

-6-

With regard to the Wyoming conviction, defendant properly relies on United States v. Tucker (1972), 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, which found a due process right to not have sentencing based upon constitutionally infirm decisions. We are not convinced, however, that those rules are applicable to defendant's case for the record does not bear out Olsen's contention that the sentence was significantly grounded in those convictions.

First of all, the District Court in its sentencing memorandum dated July 19, 1979, stated that ". . . on February 13, 1954, he was sentenced for 0-10 years, and the conviction was apparently overturned." Thus, there can be no merit to the argument that the court relied on the Washington conviction in sentencing defendant.

Second, we take note of the fact that both the Wyoming conviction and the Oregon conviction are mentioned in the District Court's sentencing memorandum. We are not persuaded, however, in light of defendant's thirty-three years of criminal activity in mostly theft-related areas, that the trial judge would have altered the sentence in any way had those two convictions not been considered. In view of defendant's extensive criminal background and his numerous years in state and federal prisons, this Court is constrained to find that defendant experienced no material prejudice to his sentence or substantial interference with his rights because of the trial court's review of these two convictions.

The rules applicable in this case have been settled in Ryan v. Crist (1977), 172 Mont. 411, 414, 563 P.2d 1145, 1146:

> "We hold that where it is shown improper matters have been brought before the sentencing court for its consideration in sentencing, and where those matters are not disclosed and

> explained at the sentencing hearing, a de-
> fendant has a right to be resentenced."

The record is clear that improper matters were brought before the sentencing court as in Ryan; however, that is where the similarity between Ryan and the case before us stops.

The record discloses that all three prior convictions which defendant asserts prejudiced the sentencing court were raised by defendant at the sentencing hearing. In Ryan, we found that the matters were not disclosed or explained at the sentencing hearing; however, in this case the convictions were disclosed and discussed at the sentencing hearing by defendant and his attorney. We conclude, therefore, that the sentencing judge was fully aware of the problems with the prior convictions at the time of sentencing.

Further, there is no evidence that the court actually relied on the improper information found on the "rap" sheet. After the improper convictions were discussed, the District Court stated in its sentencing memorandum:

> "However, pursuant to statute, I requested a presentence investigation from the probation officer and testimony was presented to the court that was competent to show that Stanley Charles Olsen, the defendant in this matter, was a convicted felon and was convicted on the following occasions:
>
> "(a) Richland County, Montana, for burglary on October 28, 1968, with eighteen years of imprisonment;
>
> "(b) United States Federal Court, Billings, Montana, on May 9, 1975, for forgery and counterfeit obligations.
>
> "In addition, while the defendant has raised the question of hearsay evidence in the pre-sentencing investigation, while I'm not relying on the balance of the presentencing report other than the testimony presented and examined by the court above . . ." (Emphasis supplied.)

This Court is required only to review the record estab-

lished below. Based on that record, we must find that the rule in Ryan v. Crist, supra, is inapplicable to this case.

As a final assertion, defendant argues that the length of the "rap" sheet was prejudicial in that only sixteen entries resulted in defendant's conviction for the crimes charged.

We find the sentencing transcript on this matter conclusive:

> "Q. [The Court] Are there any other felony charges on there that we have not addressed?
>
> "A. [Defendant] There's some charges that are here that don't show any disposition.
>
> "THE COURT: I might say, Mr. Olsen, that I didn't take those into account.
>
> "MR. OLSEN: Well, you mentioned this armed robbery yesterday, but I was acquitted on that. It doesn't show that disposition on this I notice, but--
>
> "THE COURT: I haven't taken into account. That doesn't show a conviction."

As a final note, defendant has submitted a supplemental appeal brief dated May 15, 1980. We find that in no manner is the brief "supplemental" to any issue previously raised by him. To the contrary, the brief requests this Court to review five new and totally different issues. In regard to this brief, we are guided by section 46-20-403, MCA, which provides:

> "The appellant may file a brief in reply to the brief of the respondent. The reply brief must be confined to new matter raised in the brief of the respondent. <u>No further briefs may be filed except with leave of court.</u>" (Emphasis added.)

We conclude that this brief neither supplements nor replies, and since this Court at no time granted leave for new briefs, the issues raised therein must be dismissed.

In conclusion, this Court must affirm its holding in State v. Cardwell, supra, in finding section 46-11-403(1), MCA, un-

constitutional. However, the invalidity of that statute did not prejudice defendant's case or materially interfere with his rights to a fair trial.

Also, we find that although there were inaccurate entries on the "rap" sheet attached to the presentence report, there is substantial evidence in the record demonstrating that the improper information was disclosed and discussed so as to alert the sentencing judge to the inaccuracies therein. Further, there is ample evidence that the trial judge relied only upon convictions and facts known to be true accounts of defendant's criminal record.

Accordingly, finding no prejudice, we affirm.


_____
                    Justice

We concur:

_____
          Chief Justice

_____

_____

_____
          Justices

-10-