The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

John CHETELAT, Defendant–Appellant.

No. 90CA0627.

Colorado Court of Appeals, Div. III.

Dec. 5, 1991.

Rehearing Denied Jan. 16, 1992.

Certiorari Denied Aug. 3, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

The defendant, John Chetelat, appeals from the sentence imposed upon him after the trial court vacated his prior sentence and re-sentenced him. He asserts that, because his prior sentence was vacated as a result of the consideration by the original sentencing judge of a prior conviction that was later ruled to be constitutionally deficient, he was entitled to a *de novo* hearing at which he could produce additional evidence. Under the circumstances disclosed by this record, we agree and, therefore, vacate the sentence imposed and remand for a new sentencing hearing.

On his plea of guilty, defendant was convicted of second degree murder and crime of violence. In initially sentencing him to a term of 20 years, the trial court was informed of, and considered, four prior misdemeanor convictions, three for driving under the influence and one for third degree sexual assault.

Sometime after the imposition of this sentence, defendant filed a Crim.P. 35(c) motion with the court in which he had been convicted of third degree sexual assault, and that court concluded that that former conviction was constitutionally defective. Hence, that court vacated that prior conviction.

Thereafter, defendant filed the post-trial motion that led to this appeal. In it he asserted that, because the court had considered the now-vacated prior conviction of third degree sexual assault, his prior sentence was required to be vacated. He also asserted that the court was required to re-sentence him in proceedings during which he would be entitled to make a new evidentiary showing with respect to an appropriate sentence.

Acting through a judge other than the one who imposed the original sentence, the trial court granted defendant's motion to vacate his prior sentence. However, the court concluded that a *de novo* evidentiary hearing was unnecessary. It determined, instead, that defendant could properly be re-sentenced by its review of the evidentiary materials considered at the time the

original sentence was imposed, disregarding any reference to the vacated conviction.

After conducting such a review, the trial court re-sentenced defendant to a term of 20 years, which was the same sentence as originally imposed.

### I.

■ As a threshold issue, the People contend that a sentencing court's consideration of an unconstitutionally infirm prior conviction does not render the resulting sentence "illegal" within the meaning of Crim.P. 35(a) or constitutionally violative under Crim.P. 35(c). Hence, they argue that the trial court's order vacating defendant's sentence was improper.

However, the record on appeal does not reveal that the People raised this issue in the trial court. In addition, they have failed to file any appeal or cross-appeal from the trial court's order of vacation. *See* § 16–12–102(1), C.R.S. (1986 Repl.Vol. 8A); C.A.R. 4(b)(2).

Under these circumstances, we shall not address this issue. *See Dorador v. Cronin*, 199 Colo. 85, 605 P.2d 53 (1980).

### II.

In *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), it was determined that it is impermissible to consider a constitutionally defective prior conviction in imposing sentence for a later conviction. It was this principle upon which the trial court here relied in entering its order vacating the sentence previously imposed upon defendant.

However, there exists conflicting rulings from various jurisdictions concerning whether improper reliance upon a prior invalid sentence requires a vacation of prior sentence and a new evidentiary hearing or simply a reconsideration of the materials previously submitted without consideration of the prior conviction. *Compare Ryan v. Crist*, 172 Mont. 411, 563 P.2d 1145 (1977) *with United States v. Hermann*, 524 F.2d 1103 (2d Cir.1975).

We need not decide this question to resolve the merits of defendant's argument upon the point in this case. Rather, we conclude that the particular circumstances existing at the time that defendant's sentence was vacated here dictated that a new evidentiary hearing be held.

At his original sentencing hearing, defendant presented the testimony of seven witnesses, including the testimony of an examining psychiatrist. Defendant's submission, based on the testimony of these witnesses as supported by additional documentary evidence, was that he had no record of violence prior to the incident upon which his conviction was based and that the killing was caused by his state of severe depression, resulting from the loss of his cancerous larynx, his loss of sexual prowess, and taunts respecting his manhood made by the victim.

On the other hand, there was also evidence that defendant had had a long-term alcohol problem, that his previous, rather minor, encounters with the law resulted from his drinking, that he had never sought help with this problem, and that he was under the influence of alcohol when he killed the victim in this case.

The original sentencing court, after considering this evidence, concluded that defendant's failure to obtain treatment for his alcohol problem weighed heavily against him. The record indicates, however, that this decision was made only after a careful consideration and weighing of the testimony.

Yet, the judge who re-sentenced defendant did not have the advantage of hearing or evaluating the testimony of the witnesses. It had no more opportunity to determine the weight to be given to any of the testimony, based simply upon a review of the reporter's transcript of that testimony, than we, as an appellate court, now have.

■ We conclude, therefore, that if, as here, a trial court concludes that a sentence must be vacated, if the original sentence was based, at least in some important part, upon the testimony of witnesses at the original sentencing hearing, and if the original judge is not available, then there must

be a new evidentiary hearing granted before a new sentence can be imposed.

The sentence imposed upon defendant is vacated, and the cause is remanded to the trial court with directions to resentence defendant after conducting a new sentencing hearing in accordance with the views expressed in this opinion.

METZGER and NEY, JJ., concur.