No.  96-057

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ROBERT PAUL GOULET,

Defendant and Appellant.

FILED

AUG 06 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Lawrence A. LaFountain, Attorney at Law,
Great Falls, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General,
John Paulson, Ass't Attorney General,
Helena, Montana

Brant S. Light, Cascade County Attorney,
Julie A. Macek, Deputy Cascade County Attorney,
Great Falls, Montana


Submitted on Briefs:  June 27, 1996

Decided:  August 6, 1996

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Robert Paul Goulet appeals his conviction in the Eighth Judicial District Court, Cascade County, of felony escape. We affirm.

The issue on appeal is whether the District Court followed statutory requirements in imposing sentence.

While subject to official detention at the Cascade County Detention Center, Goulet climbed a wall in the recreation yard and escaped. His escape was observed by a detention officer, who warned him to stop and then pursued him on foot. Other officers joined in, following Goulet to an apartment building which they surrounded and where they found him hiding under a pile of debris under a porch. The officers took Goulet back into custody and returned him to the Detention Center.

Goulet pled guilty to felony escape. At the sentencing hearing, neither the defense nor the State offered any testimony, but counsel for both sides argued for particular sentences. The State and the presentence investigation officer both recommended a ten-year prison sentence. The defense recommended a two-year prison sentence.

The District Court imposed a sentence of ten years at the state prison, stating that the sentence was in accordance with the recommendations of the State and the probation officer who prepared the presentence investigation report. The court further stated that it had taken into account Goulet's prior record, including his long history of contact with the legal system as a juvenile.

2

Did the District Court follow statutory requirements in imposing sentence?

The first statute upon which Goulet relies is § 46-18-102(3)(b), MCA, which requires that when a sentence is pronounced, the court must "clearly state for the record [its] reasons for imposing the sentence." Goulet points out that unless the reasons for a sentence are set forth, one is left to guess at the reasons and cannot know whether the sentence was imposed in violation of due process or not. See State v. Stumpf (1980), 187 Mont. 225, 227, 609 P.2d 298, 299.

This Court has not insisted upon extensive statements of sentencing reasons under § 46-18-102(3)(b), MCA. In State v. Krantz (1990), 241 Mont. 501, 788 P.2d 298, cert. denied 498 U.S. 933, the Court upheld a sentence in which the district court's stated reasons were the defendant's criminal record, the serious nature of the offense, and the defendant's consistent pattern of endangering other people.

In State v. Petroff (1988), 232 Mont. 20, 757 P.2d 759, the reasons stated for the sentence were the recommendations of the presentence investigation and the defendant's prior criminal record. This Court ruled that the judgment clearly informed the defendant of the reasons underlying his sentence and that no more was required. Petroff, 757 P.2d at 761. Similarly in State v. Johnson (1986), 221 Mont. 503, 719 P.2d 1248, the Court upheld a sentence imposed for the stated reason of the defendant's history of alcohol and driving offenses, considered along with the presentence report.

3

In the present case, the District Court stated both orally and in its written sentence that Goulet's sentence was imposed at the recommendations of the prosecutor and the probation officer. The court also stated that it had taken into consideration Goulet's prior record and long history of contact with the legal system as a juvenile. We hold that, like the reasons set forth by the sentencing courts in Johnson, Petroff, and Krantz, this statement of sentencing reasons is sufficient to comply with Stumpf and § 46-18-102(3)(b), MCA.

Goulet contends that the sentence imposed upon him may have been improperly influenced by reference at his sentencing hearing and in his presentence investigation report to the fact that, at the time of his escape, he was awaiting trial on a charge of deliberate homicide. In making this argument, Goulet relies upon State v. Herrera (1982), 197 Mont. 462, 643 P.2d 588, and State v. Olsen (1980), 189 Mont. 43, 614 P.2d 1061.

In Herrera, improper matter was brought before the sentencing court, including a seemingly constitutionally defective conviction in which Herrera was not afforded counsel, and incorrect information as to his history of offenses involving guns. This Court remanded for rehearing on sentencing, so that the correct information could be presented to the court. Herrera, 643 P.2d at 592.

In Olsen, the defendant's "rap" sheet contained inaccurate entries, but the record contained substantial evidence that the improper information was disclosed to, and discussed with, the sentencing judge. There was ample evidence that the trial judge relied only upon convictions and facts known to be true accounts of

4

Olsen's criminal record. This Court affirmed the sentence. <u>Olsen</u>, 614 P.2d at 1066.

In this case, the pending felony charge was an important aspect of the crime of escape to which Goulet pled guilty and, as such, was properly noted at the sentencing hearing. Section 45-7-306(3)(b)(i), MCA, provides that a person convicted of the offense of escape shall be imprisoned for a term of up to ten years if he has been charged with, or convicted of, a felony and escapes from the county jail. The felony charge pending against Goulet at the time of his escape provided a basis for the District Court to impose a term of imprisonment rather than the six-month jail term which would apply if the pending charge had been a misdemeanor. It was proper for the court to be informed of the pending charge.

Nothing in the record indicates that the court improperly relied upon the pending charge in sentencing Goulet. The court was correctly informed at the sentencing hearing and in the presentence investigation report that the charge was still pending at the time of sentencing.

Goulet also urges that the court erred in sentencing him to prison because he was a nonviolent felony offender and the crime to which he pled guilty was not a crime of violence under § 46-18-104(3), MCA. Montana law requires the sentencing court to consider alternatives to incarceration when sentencing nonviolent offenders. Section 46-18-201(11), MCA. We note that Goulet's own counsel recommended a term of imprisonment for his client at the sentencing hearing. Further, this argument was not raised before the District Court.

5

This Court recently addressed a similar claim of error raised for the first time on appeal, in State v. Nelson (1995), 274 Mont. 11, 906 P.2d 663. The Court held that Nelson's failure to object to the sentence or to move for reconsideration barred him from raising on appeal the issue of consideration of alternatives to prison. Nelson, 906 P.2d at 668. The Court distinguished Nelson from two previous cases--State v. Lenihan (1979), 184 Mont. 338, 602 P.2d 997, and State v. Hatfield (1993), 256 Mont. 340, 846 P.2d 1025--on the basis that Lenihan and Hatfield involved sentences that were illegal and in excess of statutory authority. Such was not the case in Nelson, and it is not the case here. Goulet's ten-year sentence does not exceed the maximum sentence for his crime under § 45-7-306(3)(b), MCA. Absent objection before the trial court or an opportunity for that court to consider this issue, we decline to further address the issue on appeal.

Affirmed.

Chief Justice

We concur:

Justices

6

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Lawrence A. LaFountain
Attorney at Law
Cascade County Courthouse, Rm. 110
Great Falls, MT 59401

Hon. Joseph P. Mazurek, A.G.
John Paulson, Assistant
Justice Bldg.
Helena, MT 59620

Brant S. Light, County Attorney
Julie A. Macek, Chief Deputy
121 4th Street North
Great Falls, MT 59401

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *N. Gallagher*
Deputy