No. 99-574

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 1

304 Mont. 47

15 P. 3d 970

STATE OF MONTANA,

Plaintiff and Respondent,

v.

GARY ST. JOHN,

Defendant and Appellant.

APPEAL FROM: District Court of the Third Judicial District,

In and for the County of Deer Lodge,

The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Leo Gallagher, Helena, Montana

For Respondent:

Joseph P. Mazurek, Montana Attorney General, C. Mark Fowler, Assistant Montana Attorney General, Helena, Montana; Christopher G. Miller, Powell County Attorney, Deer Lodge, Montana

Submitted on Briefs: November 9, 2000
Decided: January 4, 2001

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Defendant Gary St. John (St. John) appeals from the District Court's judgment entered July 8, 1999, following his conviction by plea of guilty to the offense of felony escape, in violation of § 45-7-306, MCA. The District Court sentenced St. John to a term of two years in the custody of the Department of Corrections, this sentence to run consecutively to the term of imprisonment which St. John was already serving. We affirm.

## ISSUES

¶2 On appeal St. John raises four issues:

¶3 1. Whether the District Court erred by failing to consider sentencing alternatives other than imprisonment.

¶4 2. Whether the District Court erred by failing to conform its reasons for imposing the sentence announced orally from the bench with its written judgment.

¶5 3. Whether the State breached its plea agreement by failing to honor promises allegedly made by federal agents.

¶6 4. Whether trial counsel was ineffective for failing to preserve sentencing issues for appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

¶7 On September 22, 1996, while serving a prison term for burglary and criminal mischief convictions, St. John escaped from the Missoula Pre-Release Center. He surrendered to

law enforcement authorities in Butte, Montana, on February 7, 1999. St. John was charged with felony escape on February 18, 1999, by the Powell County Attorney. St. John was appointed defense counsel.

¶8 Several months later, St. John signed an "Acknowledgment of Waiver of Rights by Alford Plea of Guilty" as part of a plea agreement wherein he agreed to plead guilty in exchange for the State's recommendation of a two-year sentence to the Department of Corrections, this sentence to run consecutively with St. John's underlying sentence. St. John reserved his right to argue for a reduced sentence at the sentencing hearing.

¶9 At the sentencing hearing, St. John argued for a concurrent sentence. Also, his mother claimed that an FBI agent named Kennedy told her that if St. John returned to custody he would receive only an additional "couple of months" of imprisonment. St. John maintains that, at least in part, he acted on this representation.

¶10 In any event, upon the close of the sentencing hearing, the court, as noted above, sentenced St. John to two years with the Department of Corrections to run consecutively with his previous sentence. St. John timely appealed. After filing an *Anders* brief, trial counsel withdrew and, pursuant to an order of this Court, new counsel was appointed to represent St. John in this appeal.

## STANDARD OF REVIEW

¶11 Our review of criminal sentencing questions is guided by two principles. We review a criminal sentence only for legality. And, we review questions of law *de novo* to determine whether the court's interpretation of the law is correct. *State v. Johnson*, 2000 MT 290, ¶ 13, ___ Mont. ___, ¶ 13, ___ P.2d ___, ¶ 13, 57 St. Rep. 1225, ¶ 13 (citations omitted).

## DISCUSSION

¶12 St. John argues that, as a non-violent offender, the District Court erred when it sentenced him to an additional two-year term with the Department of Corrections without first weighing the various sentencing alternatives set out at § 46-18-225, MCA. St. John also argues that the District Court erred by failing to set forth its reasons for rejecting an alternative sentence and by failing to mention in its written judgment that it was imposing the sentence because it desired St. John to receive the same sentence the court had imposed on other similarly situated inmates. Finally, St. John argues that he did not

receive effective assistance of counsel because his trial attorney failed to seek enforcement of the alleged promises made by the FBI and because his counsel failed to enter any sentencing objections.

¶13 We will address each of St. John's issues in turn.

## Issue 1

¶14 **Whether the District Court erred by failing to consider sentencing alternatives other than imprisonment.**

¶15 St. John first argues that the court erred by failing to consider sentencing alternatives to imprisonment, pursuant to § 46-18-225, MCA. The State responds that because St. John failed to object to the District Court's failure to consider sentencing alternatives, St. John is now barred from raising this issue on appeal. We agree with the State.

¶16 Our review of the record reveals that St. John did not object to the District Court's failure to consider sentencing alternatives under § 46-18-225, MCA, nor did he request reconsideration of the court's sentence under § 46-18-117, MCA[1].

¶17 Section 46-20-104(2), MCA, provides that an appellant waives all errors to which he does not object at trial. Section 46-20-701(2), MCA, allows three narrow exceptions to this rule, none of which apply under the circumstances here.

¶18 More to the point, we have previously refused to review whether a district court failed to consider alternatives to imprisonment when this issue was not preserved by being first raised in the district court. *State v. Harper* (1997), 284 Mont. 185, 189, 943 P.2d 1255, 1257; *State v. Goulet* (1996), 277 Mont. 308, 311-12, 921 P.2d 1245, 1247; *State v. Nelson* (1995), 274 Mont. 11, 19-20, 906 P.2d 663, 667-68.

¶19 Notwithstanding, St. John appears to argue that we should address this claim under our inherent, discretionary power of "plain error" review. *See State v. Finley* (1996), 276 Mont. 126, 915 P.2d 208. We decline to do so. We engage in plain error review only where the claim of error implicates a criminal defendant's fundamental constitutional rights and only in circumstances where failing to review the error might result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of

the trial or proceedings, or compromise the integrity of the judicial process. *Finley*, 276 Mont. at 137, 915 P.2d at 215. Moreover, we use this inherent power sparingly, on a case-by-case basis, *Finley*, 276 Mont. at 138, 915 P.2d at 215, and only in "exceptional cases," taking into consideration "the totality of circumstances of each case," *State v. Brown*, 1999 MT 31, ¶ 12, 293 Mont. 268, ¶ 12, 975 P.2d 321, ¶ 12.

¶20 St. John fails to meet these strict standards. His arguments for application of this doctrine are contained in a single conclusory sentence, unsupported by analysis or authority. Accordingly, it is inappropriate that we consider his plain error argument further. *See* Rule 23(a)(4), M.R.App.P.; *Johansen v. State Dept. of Natural Resources*, 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24 (it is not this Court's obligation to conduct legal research on a party's behalf, guess at the party's precise position, or develop a legal analysis which may lend support to that position).

¶21 Therefore, based on the foregoing authorities, we decline to review this claim of error further.

## Issue 2

¶22 **Whether the District Court erred by failing to conform its reasons for imposing the sentence announced orally from the bench with its written judgment.**

¶23 St. John next argues that the District Court failed to set forth the same reasons for its sentence pronounced in open court as the court set forth in its written judgment. We note that the variation at issue does not go to the term of commitment, but only to the reasons for imposing sentence.

¶24 As with his claim that the court failed to consider sentencing alternatives, St. John failed to raise this issue before the District Court. As a result, the State argues that we should refuse to consider St. John's claim of error as it is being raised for the first time on appeal.

¶25 In spite of the State's position, however, we have previously held that we will review any sentence imposed in a criminal case if it is alleged that such sentence is illegal or exceeds statutory mandates--even if no objection was made at the time of sentencing. *Nelson*, 274 Mont. at 18, 906 P.2d at 667 (citations omitted). For purposes of this appeal, we deem St. John's argument to be that the court's imposition of sentence was unlawful.

¶26 In *Johnson,* we discussed at some length the question of whether any portion of a subsequent written judgment that fails to conform or in some manner conflicts with an oral sentence renders the written judgment unlawful by reason of the inconsistency. After reviewing the development of Montana's case authority on this issue, we concluded that to answer this question we need only determine two things: first, whether the defendant was afforded the opportunity to respond to the inconsistent matter in the written judgment upon sufficient notice at sentencing; and, second, whether that portion of the written judgment substantively increased either the defendant's loss of liberty or, the defendant's sacrifice of property. *Johnson*, ¶ 24.

¶27 In the case at bar St. John was afforded a full sentencing hearing with the opportunity to testify and to call witnesses on his behalf. St. John, in fact, did testify on his own behalf and did call a supporting witness. While Montana law requires the sentencing court to state all of the reasons for its sentence (*see* § 46-18-115(6), MCA and § 46-18-102(3)(b), MCA), nonetheless, we have not required a district court to give an extensive statement of its sentencing reasons. *Goulet*, 277 Mont. at 310, 921 P.2d at 1246.

¶28 In the court's oral pronouncement of sentence the court stated that it had considered the nature of St. John's offense; the fact that he turned himself into the authorities; and his good time situation and past criminal record in making its decision. In its written judgment the court did not state these reasons, but, rather, stated that it had considered the need to protect society during the term of St. John's incarceration; the possibilities of his being rehabilitated; and the fact that his conduct jeopardized the Low Security Program for other inmates. Admittedly, the court's sentencing reasons pronounced orally varied from those it expressed in its written judgment.

¶29 Importantly, however, the court sentenced St. John to two years with the Department of Corrections to run consecutively with his previous sentence in both the oral pronouncement of sentence and in the written judgment. The fact that the District Court articulated different reasons for sentencing in the oral pronouncement of sentence from those in the written judgment neither increased St. John's loss of liberty nor his sacrifice of property. *Johnson*, ¶ 24. Accordingly, under the test articulated in *Johnson* we conclude that the subsequent written judgment imposed by the District Court in the case at bar was not unlawful.

¶30 Moreover, despite the court's failure to set forth the same reasons for imposing sentence in both the oral pronouncement and the written judgment, St. John has failed to

demonstrate that he has been prejudiced. He received the same sentence--a term of two years with the Department of Corrections, to be served consecutively to his existing sentence-- in both instances. *See* § 46-1-103(3), MCA ("Any irregularity in a proceeding specified by [Title 46] that does not affect the substantial rights of the accused must be disregarded.").

¶31 Therefore, we decline to disturb the written judgment entered by the District Court in this case.

## Issue 3

¶32 **Whether the State breached its plea agreement by failing to honor promises allegedly made by federal agents.**

¶33 St. John next claims that the prosecutor failed to abide by a purported agreement between himself and the State for his surrender to authorities. Again, St. John claims that this purported breach entitles him to re-sentencing under the terms of the agreement.

¶34 For the same reasons that we discussed under Issue 1, we decline to review this issue on appeal. St. John did not make this argument before the District Court nor did he file any post-judgment motion asking the court to reconsider his sentence. The District Court had no opportunity to address this claim of error, and accordingly, St. John is barred from raising this issue on appeal. Section 46-20-104, MCA; *State v. Arlington* (1994), 265 Mont. 127; 151, 875 P.2d 307, 321.

## Issue 4

¶35 **Whether trial counsel was ineffective for failing to preserve sentencing issues for appeal.**

¶36 Finally, St. John claims that his counsel's failure to preserve Issues 1, 2 and 3 for appeal constitutes ineffective assistance of counsel which should excuse these waivers.

¶37 In deciding ineffective assistance of counsel claims, we have adopted the two-prong test from *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *See Hagen v. State*, 1999 MT 8, ¶ 10, 293 Mont. 60, ¶ 10, 973 P.2d 233, ¶ 10. Under this test the defendant bears the burden of showing that counsel's performance fell below an

objective standard of reasonableness. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064; *State v. Coates* (1990), 241 Mont. 331, 337, 786 P.2d 1182, 1185. Second, the defendant must show that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different--i.e., that the defendant was prejudiced by counsel's errors. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Strickler v. Greene* (1999), 527 U.S. 263, 291, 119 S.Ct. 1936, 1953, 144 L.Ed.2d 286.

¶38 The prejudice prong of the *Strickland* test focuses on whether counsel's deficient performance renders the trial result unreliable or the proceeding fundamentally unfair. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. The presumption is that counsel has rendered adequate assistance and has made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. *Accord State v. Langford* (1991), 248 Mont. 420, 432-33, 813 P.2d 936, 946. Defense counsel's use of objections lies within his or her sound discretion. *State v. Baker* (1995), 272 Mont. 273, 284, 901 P.2d 54, 60, cert denied, 516 U.S. 1125, 116 S.Ct. 940, 133 L.Ed.2d 865 (1996). Finally, a defendant claiming ineffective assistance of counsel must ground his or her proof on facts within the record and not on mere conclusory allegations. *State v. Hurlbert* (1988), 232 Mont. 115, 120, 756 P.2d 1110, 1113.

¶39 We turn, then, to the application of these standards to the issues already discussed.

¶40 First, as to St. John's allegation that his trial counsel was ineffective for failing to object to the court's not considering sentencing alternatives, the record is silent as to why St. John's counsel failed to act in the challenged manner. When the record does not provide the basis for the challenged acts or omissions of counsel, a defendant claiming ineffective assistance of counsel more appropriately makes his claims in a petition for postconviction relief. *See State v. Bromgard* (1995), 273 Mont. 20, 23, 901 P.2d 611, 613; *State v. Black* (1995), 270 Mont. 329, 338, 891 P.2d 1162, 1167-68; *State v. Courchene* (1992), 256 Mont. 381, 389, 847 P.2d 271, 276; *State v. Black* (1990), 245 Mont. 39, 43, 798 P.2d 530, 532-33. Accordingly, because we cannot address this aspect of St. John's ineffective assistance of counsel claim without considering matters outside the record, we decline to review this issue further. *See State v. Henry* (1995), 271 Mont. 491, 496, 898 P.2d 1195, 1198, cert denied, 516 U.S. 1075, 116 S.Ct. 779, 133 L.Ed.2d 730 (1996).

¶41 Second, as to St. John's claim of inconsistency between the oral and written sentencing pronouncement, we have previously concluded that the written judgment is not unlawful and that St. John was not prejudiced. Thus, St. John has failed to state a claim of

ineffective assistance of counsel as to this issue.

¶42 Finally, St. John's broad, conclusory allegation that counsel was ineffective by failing to seek to hold the State to an alleged bargain regarding his surrender is entirely unsupported by the record. There is absolutely nothing in the record before us which even hints at State misconduct. Indeed, the evidence is entirely to the contrary. Assuming, *arguendo*, that Agent Kennedy made the statement to St. John's mother to which she testified--i.e., that if St. John surrendered he would "only get a couple of months,"--the evidence presented at the sentencing hearing was clear that the State had nothing to do with this representation being made, nor was the State even made aware of this statement prior to St. John's surrender. Again, St. John's conclusory statements of prosecutorial misconduct--and hence, ineffective assistance of counsel by his attorney's failing to make an issue of that alleged misconduct--fails to satisfy the *Strickland* standard. *See State v. Tome* (1987), 228 Mont. 398, 403, 742 P.2d 479, 482; *Hurlbert*, 232 Mont. at 120, 756 P.2d at 1113.

## CONCLUSION

¶43 Based upon the foregoing, we find no reversible error in any of the four issues raised by St. John on appeal. Accordingly, the District Court's sentence is affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

1. This statutes provides: "The court may correct an erroneous sentence or disposition at any time and may correct a sentence imposed in an illegal manner within 120 days after the sentence is imposed or after remand from an appellate court."