JUSTICE RICE
delivered the Opinion of the Court.
¶1 James Watson (Watson) appeals from an order entered by the *211 Thirteenth Judicial District Court, Yellowstone County, denying his petition for postconviction relief. We reverse and remand for an evidentiary hearing.
¶2 We address the following issue on appeal: Whether the District Court erred in determining that Watson’s ineffective assistance of counsel claim was record-based and should have been raised on direct appeal.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 Watson was charged by information on June 12, 1995, with the crimes of aggravated kidnapping under § 45-5-303(1), MCA, and felony robbery under § 45-5-40l(l)(b), MCA. The charges stemmed from a March 25,1995, incident in which Watson and two other individuals, beat, robbed and kidnapped a pizza delivery man at knife-point. Watson entered a guilty plea to both charges on September 1,1995. On September 29, 1995, a sentencing hearing was held. Dr. Lowell Stratton, the psychiatrist who examined Watson, testified as to Watson’s mental condition.
¶4 On October 13, 1995, the District Court entered its judgment. Watson was sentenced to the Department of Corrections for ten years for the charge of aggravated kidnapping, with an additional three years for the use of a weapon. On the charge of robbery, Watson was sentenced to ten years, with an additional two years for the use of a weapon. The sentences were ordered to run consecutively. Watson did not appeal.
¶5 On May 24,2000, Watson filed a petition for postconviction relief. The District Court entered its Order denying Watson’s petition for postconviction relief on August 9, 2000. Watson now appeals.
STANDARD OF REVIEW
¶6 The standard of review of a district court’s denial of a petition for postconviction relief is whether the district comb’s findings of fact are clearly erroneous and whether its conclusions of law are correct. State v. Charlo, 2000 MT 192, ¶ 7, 300 Mont. 435, ¶ 7, 4 P.3d 1201, ¶ 7. Discretionary rulings in postconviction relief proceedings, including rulings related to whether to hold an evidentiary hearing, are reviewed for an abuse of discretion. State v. Hanson, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.
DISCUSSION
¶7 Did the District Court err in determining that Watson’s claim *212 concerning his mental condition was record-based and should have been raised on direct appeal?
¶8 Watson claims he received ineffective assistance of counsel when his attorney failed to question whether Watson suffered from a mental disease or defect rendering him unable to conform his behavior to the requirements of the law. Watson argues that if this issue had been developed at the sentencing hearing, he would have been sentenced to the Department of Public Health and Human Services, pursuant to § 46-14-312, MCA, rather than the Department of Corrections.
¶9 In considering ineffective assistance of counsel claims in postconviction proceedings this Court has adopted the two-pronged test set forth by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. State v. Wright, 2001 MT 282, ¶ 11, 307 Mont. 349, ¶ 11, 42 P.3d 753, ¶ 11. The two-prong test requires, first, that the defendant bears the burden of showing that counsel’s performance was deficient or fell below an objective standard of reasonableness. Wright, ¶ 11. The defendant must overcome a strong presumption that counsel’s defense strategies and trial tactics fall within a wide range of reasonable and sound professional decisions. Strickland, 466 U.S. at 688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; State v. Harris, 2001 MT 231, ¶ 18, 306 Mont. 525, ¶ 18, 36 P.3d 372, ¶ 18. The second prong of the test requires the defendant to show that the deficient performance of counsel prejudiced the defense. Wright, ¶ 11. The defendant must demonstrate the existence of a reasonable probability that the result of the proceeding would have been different absent counsel’s errors; a reasonable probability is a probability sufficient to undermine confidence in the outcome. Harris, ¶ 19.
¶10 Before reaching the merits of an ineffective assistance of counsel claim in a postconviction relief proceeding it is necessary to determine whether such a claim is properly before the Court or whether the claim is procedurally barred. Wright, ¶ 12 (citing Hagen v. State, 1999 MT 8,
¶ 11, 293 Mont. 60, ¶ 11, 973 P.2d 233, ¶ 11). Section 46-21-105(2), MCA, provides that grounds for relief which reasonably could have been raised on direct appeal may not be raised thereafter in a petition for postconviction relief. This Court has stated,
[WJhere ineffective assistance of counsel claims are based on facts of record in the underlying case, they must be raised in the direct appeal; conversely, where the allegations of ineffective assistance of counsel cannot be documented from the record in the underlying case, those claims must be raised by petition for *213 postconviction relief.
Wright, ¶ 12 (quoting Hagen, ¶ 12).
¶11 This Court applies the statutory bar “in order to prevent the abuse of postconviction relief by criminal defendants who would substitute those proceedings for direct appeal and in order to preserve the integrity of the trial and direct appeal.” State v. Hanson, 1999 MT 226, ¶ 14, 296 Mont. 82, ¶ 14, 988 P.2d 299, ¶ 14.
¶12 The State argued and the District Court concluded that Watson’s ineffective assistance of counsel claim was record-based and should have been raised on direct appeal. According to the State, the record in this case contains the transcript of the sentencing hearing, during which Dr. Stratton testified, as well as Dr. Stratton’s report, which was introduced as an exhibit at the sentencing hearing. In his report, Dr. Stratton concluded that Watson had the capacity to appreciate the criminality of his actions and to assist in his own defense.
¶13 In Harris, this Court reviewed its recent application of § 46-21-105(2), MCA, to determine whether certain claims of ineffective assistance of counsel should be raised on direct appeal or in a postconviction petition. Harris, ¶ 21 (citing State v. Whitlow, 2001 MT 208, 306 Mont. 339, 33 P.3d 877; State v. St. Johns, 2001 MT 1, 304 Mont. 47, 15 P.3d 970). To resolve the question, we outlined a two-step process in Harris. First, the trial record must adequately document a challenged act or omission of defense counsel for a defendant to raise an ineffective assistance claim on direct appeal. Harris, ¶ 21. Second, in addition to documenting the error, the record available to this Court on appeal must afford sufficient understanding of the reasons for counsel’s act or omission to answer the threshold question of whether the alleged error expresses a trial strategy or tactical decision. Harris, ¶ 21. If the record does not supply the reason for counsel's act or omission, the claim must be raised by petition for postconviction relief. Harris, ¶ 21.
¶14 We set forth the following explanation for deciphering the record and determining the appropriate forum for adjudicating ineffective assistance of counsel claims in Harris:
Though not easily distilled into a formula, the definitive question that distinguishes and decides which actions are record and which are nonrecord, is why? In other words, if counsel fails to object to the admission of evidence, or fails to offer an opening statement, does the record fully explain why counsel took the particular course of action? If not, then the matter is best-suited for post-conviction proceedings which permit a further inquiry into *214 whether the particular representation was ineffective. Only when the record will fully explain why counsel took, or failed to take, action in providing a defense for the accused may this Court review the matter on direct appeal.
Harris, ¶ 21.
¶15 Recently in Soraich v. State, 2002 MT 187, 311 Mont. 90, 53 P.3d 878, we held that the district court abused its discretion in summarily dismissing Soraich’s petition for postconviction relief. Soraich’s ineffective assistance of counsel claim was based on his counsel’s failure to call an investigator as a witness after counsel had promised the jury during opening statement that the investigator would show the State’s main witness was lying. The district court concluded that Soraich should have raised his claim on direct appeal, thus denying his petition for postconviction relief. However, this Court determined the record did not contain any information about why defense counsel had promised the jury that the investigator’s testimony would prove Soraich’s defense, but then failed to call the investigator as a witness. Soraich, ¶ 24. “As was the case in Harris, we do not know whether the alleged errors in this case reflect a coherent trial strategy or whether they were reasonable and deserve deference and we refuse to speculate.” Soraich, ¶ 24. Without being able to answer why defense counsel failed to call the investigator as a witness, we determined an evidentiary hearing was necessary to answer that question and remanded to the district court.
¶16 In this matter, the record on appeal establishes that Watson’s counsel did not question whether Watson suffered from a mental disease or defect during the sentencing hearing. However, the record does not reveal whether counsel’s inaction was a reasonable tactical decision or a mistake. Because the record is void of any evidence as to why defense counsel did not question Watson’s mental condition, Watson could not have properly raised an ineffective assistance of counsel claim on direct appeal. Consequently, Watson’s claim of ineffective assistance of counsel is not barred by § 46-21-105(2), MCA, but is a question which must be resolved in a postconviction relief proceeding.
¶17 We hold that the District Court abused its discretion in summarily denying Watson’s petition for postconviction relief; and therefore, we reverse and remand to the District Court for an evidentiary hearing consistent with this opinion.
JUSTICES NELSON, LEAPHART and REGNIER concur.