No. 01-897

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 159

STATE OF MONTANA,

     Plaintiff and Respondent,

    v.

DAN TURNSPLENTY,

     Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DC-01-044,
Honorable Susan P. Watters, Judge Presiding

COUNSEL OF RECORD:

     For Appellant:

          Gary E. Wilcox, Attorney at Law, Billings, Montana

     For Respondent:

          Honorable Mike McGrath, Attorney General; John Paulson, Assistant
Attorney General, Helena Montana

          Dennis Paxinos, County Attorney; Ed Zink, Deputy County Attorney,
Billings, Montana

Submitted on Briefs:   April 18, 2002

Decided:   June 3, 2003

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Dan Turnsplenty (Turnsplenty) appeals from his conviction of driving under the influence of alcohol following a jury trial in the Thirteenth Judicial District Court, Yellowstone County, on October 25, 2001.  We affirm.

¶2    Turnsplenty raises the following issue on appeal:  whether Turnsplenty's trial counsel provided ineffective assistance of counsel during voir dire.

### FACTUAL AND PROCEDURAL BACKGROUND

¶3    At 10:00 p.m., on January 11, 2001, Officer Jamie Schillinger (Schillinger) was patrolling on Jackson Street in Billings, Montana, when he observed a vehicle turning onto the street in front of him.  The vehicle was being driven in an erratic manner, making quick darting maneuvers as it proceeded.  The vehicle's rear license plate light was not illuminated as required by law.  At the next intersection, Schillinger observed the vehicle quickly accelerate when the traffic light turned green, and then initiate a left turn onto State Street, following behind another vehicle.  Schillinger observed the leading vehicle properly turn and enter the closest lane of State Street, but that the suspect vehicle "quickly shot around that car without using a turn signal and went all the way over to the wrong lane of traffic."  Schillinger activated the lights on his patrol vehicle to initiate a traffic stop.  In response, the suspect vehicle turned onto Third Avenue South and pulled over.  The vehicle was driven by Turnsplenty.

¶4    Speaking with Turnsplenty, Schillinger noticed a strong oder of alcohol coming from inside the vehicle and on Turnsplenty's breath,  and that Turnsplenty's eyes were bloodshot

and glassy. Following an investigation at the scene, including field sobriety tests, Turnsplenty was placed in custody and transported to the Yellowstone County Detention Facility. He was charged by information with driving under the influence of alcohol.

¶5 On May 21, 2001, Turnsplenty went to trial before a jury on the charge. During voir dire, a question and answer exchange between defense counsel and panelist Boyer included the following:

> Counsel: So do you believe that [Native Americans] have a lower tolerance for alcohol?
>
> Mr. Boyer: I don't know if they have a lower tolerance. I know it seems like they have a great deal of consumption of it.
>
> Counsel: So we probably encounter more DUIs with Native Americans than with Caucasians?
>
> Mr. Boyer: I would think the odds of that are pretty good.
>
> . . . .
>
> Counsel: Because Daniel is a Native American and the charge, you've already indicated that you have great concerns about drinking, do you think you might have something of a predisposition in this case?
>
> Mr. Boyer: I might.
>
> Counsel: So do you think that it's–do you think he's being arrested for being under the influence of alcohol, he's Native American, and in your experience do you think that he's guilty?
>
> Mr. Boyer: I think I would go back, and the young man's going to have to state his case and prove his case.
>
> Counsel: Okay.

3

¶6     Defense counsel did not follow up this exchange with any additional questions or an explanation of the State's burden of proof, and did not challenge Boyer for cause, but used a peremptory challenge to exclude Boyer from the panel.

¶7     Under questioning by the prosecutor, Panelist Deming stated that a member of his community had a son killed by a drunk driver which had "almost killed his mother," and that the family had not gotten over the devastation. Deming, whose brother-in-law had been a patrol officer, further indicated that he had seen too many DUIs and believed the law should be more strict, particularly on repeat offenders.

¶8     Panelist Miller told the prosecutor that she was familiar with the fatal accident referenced by Panelist Deming, as the individual killed therein was her friend and a classmate. Miller stated that she believed drinking and driving was wrong, and that the DUI law in Montana was not strict enough because she had heard of repeat offenders who were "getting away with it."

¶9     Panelist Waage related that his wife and daughter were involved in a vehicle accident caused by a drunk driver who "just plowed into them, and he didn't really take time to look," but that they were not hurt in the accident. Waage expressed frustration over the driver in that matter leaving the state, and although the driver paid the damages, Waage indicated that repeat offenders should be off the streets.

¶10     Defense counsel did not ask further questions of Panelists Deming and Miller about the fatal accident they had referenced, nor about their ability to be impartial. Similarly, Panelist Waage was not asked about his ability to judge the matter impartially. Defense

4

counsel did not challenge Deming, Miller or Waage for cause, or exclude them by way of peremptory challenge, and all three of them served on the jury. Further, defense counsel did not voir dire the jury concerning burden of proof, presumption of innocence, and a defendant's right not to testify.

¶11 Turnsplenty was convicted by the jury. He appeals.

## DISCUSSION

¶12 **Did Turnsplenty's trial counsel provide ineffective assistance of counsel during voir dire?**

¶13 Turnsplenty claims his counsel rendered ineffective assistance during voir dire by failing to correct Panelist Boyer's statement that Turnsplenty would have to "state his case and prove it;" by failing to ask follow-up questions of Panelists Deming, Miller and Waage about their possible bias, and for allowing them to serve on the jury; and by failing to conduct voir dire concerning basic criminal law concepts such as burden of proof and presumption of innocence. The State argues that Turnsplenty's ineffective assistance of counsel claim is not record based and that his conviction should be affirmed.

¶14 In considering ineffective assistance of counsel claims, this Court has adopted the two-pronged test set forth by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. St. John,* 2001 MT 1, ¶ 37, 304 Mont. 47, ¶ 37, 15 P.3d 970, ¶ 37 (overruled on other grounds). Under the first prong, the defendant bears the burden of showing that counsel's performance was deficient or fell below an objective standard of reasonableness. *St. John,* ¶ 37. In so doing, the defendant

must overcome a strong presumption that counsel's defense strategies and trial tactics fall within a wide range of reasonable and sound professional decisions. *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *State v. Harris*, 2001 MT 231, ¶ 18, 306 Mont. 525, ¶ 18, 36 P.3d 372, ¶ 18. The second prong requires the defendant to establish prejudice by demonstrating that there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Harris*, ¶ 19. A defendant claiming ineffective assistance of counsel must ground his or her proof of facts within the record and not on conclusory allegations. *St. John*, ¶ 38.

¶15 Turnsplenty argues that the record adequately supports his claims of ineffective assistance, and that his counsel's errors are more egregious than those which occurred in *State v. Chastain* (1997), 285 Mont. 61, 947 P.2d 57. In *Chastain*, we considered defense counsel's failure to challenge for cause or to exercise a peremptory challenge to a juror who had indicated strong feelings unfavorable to Chastain. Reviewing the record on Chastain's appeal from his conviction, we concluded that, "where, as here, defense counsel abandons his client's right to challenge a juror for no apparent reason, error must be attributed to the lawyer." *Chastain*, 285 Mont. at 65, 947 P.2d at 60.

¶16 Recently, in *State v. Herrman*, 2003 MT 149, 316 Mont. ___, ___ P.3d ___, we revisited our holding in *Chastain*, and determined that "in *Chastain*, it was a mistake for the Court, based on the lack of a reason 'apparent' on the record, to determine that counsel was ineffective in voir dire examination." *Herrman*, ¶ 28. *Herrman* involved a defense counsel's failure during voir dire to ask follow-up questions to panelists who had expressed

6

reservations about being impartial, or to challenge them for cause. *Herrman*, ¶ 20. Concerning defense counsel's failure to challenge a panelist for cause, we held:

> [I]t is a mistake to assume that we can determine from a cold record whether there was a tactical reason for not exercising a challenge. The reasons for counsel's actions or inactions should not be "assumed" but should be the subject of a postconviction evidentiary inquiry.
>
> . . . .
>
> For the above-stated reasons, we overrule *Chastain*'s holding that a claim of ineffective assistance of counsel for failure to challenge prospective jurors in voir dire can be determined from a record which is silent as to the lawyer's reasoning.

*Herrman*, ¶¶ 30, 33. We further concluded that none of Herrman's claims regarding his counsel's actions during voir dire could be addressed without considering matters outside the record, and were therefore appropriate for postconviction relief, citing our holding in *State v. St. John*:

> When the record does not provide the basis for the challenged acts or omissions of counsel, a defendant claiming ineffective assistance of counsel more appropriately makes his claims in a petition for postconviction relief. *St John*, ¶ 40.

*Herrman*, ¶ 33.

¶17    In *Harris* we explained that for a claim to be adequately documented for review on direct appeal

> the record available to this Court on appeal must afford sufficient understanding of the reasons for counsel's act or omission to answer the threshold question of whether the alleged error expresses a trial strategy or tactical decision. [Citations omitted.] If the record does not supply the reason for counsel's act or omission, the claim must be raised by petition for post-conviction relief. *St. John*, ¶ 40 [citations omitted]. In deciphering the use of

the record and the appropriate forum for adjudicating ineffective assistance claims, we explained:

> Though not easily distilled into a formula, the definitive question that distinguishes and decides which actions are record and which are non-record, is *why*? In other words, if counsel fails to object to the admission of evidence, or fails to offer an opening statement, does the record fully explain *why* counsel took the particular course of action? If not, then the matter is best-suited for post-conviction proceedings which permit a further inquiry into whether the particular representation was ineffective. Only when the record will fully explain why counsel took, or failed to take, action in providing a defense for the accused may this Court review the matter on direct appeal.

*Harris*, ¶ 21 (citing *State v. White*, 2001 MT 149, ¶ 20, 306 Mont. 58, ¶ 20, 30 P.3d 340, ¶ 20).

¶18 The voir dire errors claimed by Turnsplenty, i.e., that his counsel failed to ask follow-up questions and to challenge panelists who indicated possible bias, failed to inquire about basic criminal concepts such as burden of proof and presumption of innocence, and failed to correct a panelist's misstatement of the law, are similar to the claims of error asserted in *Herrman*. Further, the inadequacy of the record here requires us to the reach the same conclusion as we did in *Herrman*. We cannot address Turnsplenty's claims without considering matters outside of the record, and therefore, they are appropriately raised within a postconviction relief proceeding.

¶19 The Court has enunciated a clear rule which can be applied consistently, whether on direct appeal from a conviction, or within a postconviction relief proceeding. Recently, in *Watson v. State*, 2002 MT 329, 313 Mont. 209, 61 P.3d 759, we held that the district court

8

abused its discretion in summarily dismissing Watson's petition for postconviction relief. Watson's ineffective assistance of counsel claim was based on his counsel's failure to question whether Watson suffered from a mental disease or defect rendering him unable to conform his behavior to the requirements of the law for sentencing purposes. *Watson*, ¶ 8. The district court concluded that Watson should have raised his claim on direct appeal and denied his petition. However, we determined the record did not contain any information about why defense counsel failed to question whether Watson suffered from a mental disease or defect during the sentencing hearing. *Watson*, ¶ 16. "As was the case in *Harris*, we do not know whether the alleged errors in this case reflect a coherent trial strategy or whether they were reasonable and deserve deference and we refuse to speculate." *Watson,* ¶ 15, quoting *Soraich v. State*, 2002 MT 187, ¶ 24, 311 Mont. 90, ¶ 24, 53 P.3d 878, ¶ 24. Without being able to answer *why* defense counsel failed to question Watson's mental state from the record, we concluded that the district court erred by holding that Watson could have raised the issue on direct appeal from his conviction, and remanded for an evidentiary hearing to answer the question. *Watson*, ¶¶ 16-17.

¶20    In this matter, the record on appeal establishes that Turnsplenty's counsel committed the claimed errors, but does not reveal whether counsel's inaction was a reasonable tactical decision or a mistake. Because the record is void of any evidence as to *why* defense counsel did not take such actions, Turnsplenty has improperly raised his ineffective assistance of counsel claim on direct appeal.

¶21   We hold that Turnsplenty's allegations of ineffective assistance of counsel are not record based, and we dismiss this appeal.


/S/ JIM RICE


We concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM REGNIER