No. 03-716

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 308N

JAMES WATSON,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM: The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 95-372,
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

James Watson, *Pro Se*, Deer Lodge, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

Dennis Paxinos, County Attorney; Daniel L. Schwarz, Chief
Deputy County Attorney, Billings, Montana

Submitted on Briefs: October 19, 2004

Decided: November 9, 2004

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of nonciteable opinions published in the Pacific Reporter and Montana Reports.

¶2      The Thirteenth Judicial District Court, Yellowstone County, denied James Watson's petition for postconviction relief after holding an evidentiary hearing pursuant to this Court's instructions on remand in *Watson v. State*, 2002 MT 329, ¶ 17, 313 Mont. 209, ¶ 17, 61 P.3d 759, ¶ 17. Watson appeals, and we affirm.

¶3      The issue is whether the District Court erred in denying postconviction relief on the basis of testimony from defense counsel, because defense counsel testified without the benefit of an order made pursuant to *Petition of Gillham* (1985), 216 Mont. 279, 704 P.2d 1019, insulating them from disciplinary action for disclosing privileged communications.

¶4      We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issue is clearly controlled by settled Montana law. In *Gillham*, 216 Mont. at 281, 704 P.2d at 1020, we stated a defense attorney is under an affirmative duty, in testifying regarding a client's allegation of the attorney's incompetence, to disclose communications with the client relevant to the allegations. Therefore, whether Watson's attorneys testified with or without the benefit of a *Gillham* order is immaterial. Moreover, some of the

2

testimony to which Watson now objects was elicited by his own counsel.  We will not review the propriety of testimony to which counsel made no objection at trial and, in fact, elicited.  *See State v. Hanson* (1997), 283 Mont. 316, 324, 940 P.2d 1166, 1171.

¶5      Affirmed.


/S/ KARLA M. GRAY


We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE