DA 15-0636

FILED

01/17/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0636

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 8N

RODNEY DUBOIS,

       Petitioner and Appellant,

    v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDV 07-658
Honorable George Huss, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Chad M. Wright, Chief Appellate Defender, Helena, Montana

              Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

       For Appellee:

              Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

              John W. Parker, Cascade County Attorney, Great Falls, Montana

                    Submitted on Briefs:  December 14, 2016

                                 Decided:  January 17, 2017

Filed:



_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Rodney Dubois appeals the Eighth Judicial District Court's order denying his petition for postconviction relief on the ground that he received ineffective assistance from his trial and appellate counsel.  We affirm.

¶3      The State charged Dubois in 2003 with deliberate homicide for allegedly killing Dion Guckeen with a baseball bat.  Dubois admitted to hitting Guckeen with the bat but argued that he acted in self-defense.  The District Court appointed Vincent van der Hagen to represent Dubois at trial.  Dubois moved for reassignment of counsel due to his dissatisfaction with van der Hagen.  The District Court considered Dubois' request but ultimately denied it.

¶4      Leading up to trial, van der Hagen moved the court to declare § 45-2-203, MCA, unconstitutional insofar as it prohibits a jury from considering voluntary intoxication as a defense to a crime.  The court denied this motion.  Van der Hagen also filed a motion for discovery of the criminal records of the State's witnesses, but the court denied this motion as well.  On February 6, 2004, a Cascade County jury convicted Dubois of deliberate homicide.

2

¶5 In April 2004, one of the State's witnesses, Tony Sambenedetto, wrote a letter recanting his eyewitness testimony against Dubois. Sambenedetto claimed in the letter that he had been under the influence of drugs and did not know what happened on the day Guckeen was fatally injured. At the time Sambenedetto wrote the letter, he and Dubois were housed in the same detention facility, and there was evidence to suggest that Sambenedetto wrote the letter under duress. When van der Hagen declined to move for a new trial, Dubois filed a motion pro se. The District Court denied his motion as untimely. The court then sentenced Dubois to life without parole.

¶6 Through appointed appellate counsel, Jeffrey Olson, Dubois appealed his conviction to this Court. Olson raised five issues on appeal. He reviewed the appellate brief with Dubois, and Dubois expressed satisfaction with the brief. This Court affirmed Dubois' conviction in *State v. Dubois*, 2006 MT 89, 332 Mont. 44, 134 P.3d 82.

¶7 Dubois then filed a petition for postconviction relief based on alleged ineffective assistance of his trial and appellate counsel. Dubois argued that van der Hagen was ineffective for failing to seek a new trial based on Sambenedetto's letter. He contended that Olson was ineffective for failing to raise three issues on appeal: (1) the trial court's denial of Dubois' motion for reassignment of counsel; (2) the trial court's denial of van der Hagen's motion challenging the constitutionality of § 45-2-203, MCA; and (3) the trial court's denial of van der Hagen's discovery request for the criminal records of the State's witnesses. Olson indicated in an affidavit that he considered numerous issues to argue on appeal, but felt it would be poor strategy to argue every potential issue. He

3

chose not to argue these three issues in particular because he believed them to be less compelling than the other issues he ultimately decided to raise.

¶8 The District Court denied Dubois' petition for postconviction relief. The court reasoned that Dubois failed to establish that either his trial or appellate counsel's performance fell below an objective standard of reasonableness or that the result of either his conviction or appeal would have been different but for the alleged errors of counsel.

¶9 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Heavygun v. State*, 2016 MT 66, ¶ 8, 383 Mont. 28, 368 P.3d 707. Ineffective assistance of counsel claims constitute mixed questions of law and fact, which we review de novo. *Heavygun*, ¶ 8.

¶10 Under the first prong of the two-part test we use to evaluate ineffective assistance of counsel claims, a defendant must show that counsel's representation "fell below an objective standard of reasonableness considering prevailing professional norms." *McGarvey v. State*, 2014 MT 189, ¶ 25, 375 Mont. 495, 329 P.3d 576; *accord Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). To do this, "the defendant must overcome a strong presumption that counsel's defense strategies and trial tactics fall within a wide range of reasonable and sound professional decisions." *State v. Turnsplenty*, 2003 MT 159, ¶ 14, 316 Mont. 275, 70 P.3d 1234.

¶11 Dubois did not meet his burden of showing that van der Hagen provided ineffective trial assistance by failing to move for a new trial in light of Sambenedetto's

4

letter. Even if van der Hagen had been able to file a timely motion for a new trial, the letter was written under suspicious circumstances, which would have justified van der Hagen's doubt in its credibility. In addition, Dubois admitted to striking Guckeen and argued only that he did so in self-defense. Sambenedetto's letter stating that he did not recall the events in question did not bolster Dubois' self-defense claim. More, the clear weight of the evidence supported a finding of Dubois' guilt; it was reasonable for van der Hagen to conclude that Sambenedetto's recantation likely would not have affected the outcome of the trial. Van der Hagen's decision not to move for a new trial fell "within a wide range of reasonable and sound professional decisions." *Turnsplenty*, ¶ 14. His performance therefore did not constitute ineffective assistance of counsel. *See Turnsplenty*, ¶ 14.

¶12 As for Olson's handling of the appeal, "appellate counsel need not raise every colorable issue on appeal." *Rose v. State*, 2013 MT 161, ¶ 28, 370 Mont. 398, 304 P.3d 387. A defendant overcomes the presumption of effective assistance only by showing that the issues ignored on appeal "are clearly stronger than those presented." *Rose*, ¶ 28. Dubois failed to show that he received ineffective appellate assistance from Olson. As a matter of appellate strategy, Olson chose to raise certain issues while ignoring others. Upon consideration of Dubois' arguments and authorities, we conclude that he has not established that Olson ignored issues "*clearly* stronger than those presented." *Rose*, ¶ 28 (emphasis added). Olson's actions were not objectively unreasonable, and he did not render ineffective assistance to Dubois. *See McGarvey* ¶ 25.

5

¶13    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The District Court correctly applied the law in concluding that Dubois failed to establish his claims of ineffective assistance of counsel. Its order denying Dubois' petition for postconviction relief is affirmed.

/S/ BETH BAKER

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE