

FILED

11/09/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 20-0210

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 290N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

EDWARD HAROLD HUGGLER,

Defendant and Appellant.

FILED

NOV 09 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM: District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause Nos. DC 19-92, DC 19-93,
DC 19-94, and DC 19-95
Honorable Jennifer B. Lint, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender, James Reavis, Assistant Appellate
Defender, Helena, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Damon Martin, Assistant
Attorney General, Helena, Montana

Bill Fulbright, Ravalli County Attorney, William Lower, Deputy County
Attorney, Hamilton, Montana

Submitted on Briefs: October 13, 2021

Decided: November 9, 2021

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Edward Huggler (Huggler) was convicted after a jury trial in the Twenty-First Judicial District Court, Ravalli County, of obstructing a peace officer in violation of § 45-7-302, MCA. He appeals, and we reverse and remand for a new trial.

¶3 On June 2, 2018, Officer Jessup initiated a traffic stop after observing Huggler make an improper U-turn while riding his motorcycle. Upon being signaled to pull over, Huggler pulled his motorcycle into the parking area of Al's Cycle shop. During the stop, Huggler became frustrated and began walking away from Officer Jessup.[1] Officer Jessup then arrested Huggler for obstructing a peace officer in violation of § 45-7-302, MCA.

¶4 At trial, the District Court gave a conduct-based "knowingly" instruction. Huggler asserts he received ineffective assistance of his trial counsel as counsel failed to object to the inappropriate instruction and failed to offer the correct result-based "knowingly"

---

[1] Huggler testified to being a disabled veteran with mental health issues. He testified when he became frustrated, he realized he needed to calm down. As such, he walked toward a bench near the door of Al's Cycle shop with the intention to sit and calm down. Officer Jessup testified Huggler walked toward the door of Al's Cycle shop and did not return when he told Huggler to come back.

2

instruction. He asserts he was prejudiced as the conduct-based instruction permitted the jury to disregard his explanation for why he walked away from the officer and allowed the jury to convict him of obstructing justice merely because Officer Jessup saw him walk away from the officer when the officer instructed him to come back. The State appears to concede the District Court erred in giving the conduct-based rather than a result-based "knowingly" instruction but asserts the error should be disregarded as Huggler's actions demonstrated an intent to obstruct.

¶5 Ineffective assistance of counsel (IAC) claims are mixed questions of law and fact, which we review de novo. *State v. Johnston*, 2010 MT 152, ¶ 7, 357 Mont. 46, 237 P.3d 70.

¶6 Pursuant to § 45-7-302(1), MCA, "[a] person commits the offense of obstructing a peace officer . . . if the person knowingly obstructs, impairs, or hinders . . . the performance of a governmental function." As the obstruction statute seeks to avoid the singular result of obstruction of a peace officer, rather than any particular conduct of a defendant, we have previously determined the proper definition of "knowingly" under § 45-2-101(35), MCA, for this crime is awareness that it is highly probable that the defendant's conduct will obstruct, impair, or hinder the officer's performance of his or her governmental function. *See Johnston*, ¶¶ 10, 12. In essence, to convict a defendant of obstructing a peace officer in violation of § 45-7-302, MCA, the State must prove that the defendant was aware his conduct would hinder the peace officer's duties. *Johnston*, ¶¶ 9-12.

3

¶7   The State implicitly acknowledges the conduct-based "knowingly" instruction given to the jury was incorrect by its acknowledgment that to convict Huggler of obstructing a peace officer under § 45-7-302, MCA, it had to prove Huggler was aware his conduct could hinder the officer's execution of his duties but argues Huggler's conduct demonstrated an intent to obstruct. This determination, however, is for the jury, not the State, to make after being properly instructed on the correct result-based "knowingly" instruction.

¶8   Article II, Section 24, of the Montana Constitution and the Sixth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment, guarantee a defendant the right to effective assistance of counsel. *See Johnston*, ¶ 15; *State v. Kougl*, 2004 MT 243, ¶ 11, 323 Mont. 6, 97 P.3d 1095. In assessing IAC claims, we apply the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *See Kougl*, ¶ 11. Under the *Strickland* test, the defendant must (1) demonstrate that "counsel's performance was deficient or fell below an objective standard of reasonableness" and (2) "establish prejudice by demonstrating that there was a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different." *Kogl*, ¶ 11 (quoting *State v. Turnsplenty*, 2003 MT 159, ¶ 14, 316 Mont. 275, 70 P.3d 1234). When a defendant raises an IAC claim on direct appeal, we first determine whether the claim is more appropriately addressed in a postconviction relief proceeding. *Kougl*, ¶ 14. Where the incorrect conduct-based "knowingly" instruction was given and defense counsel failed to seek the correct result-based "knowingly" instruction, we have

4

concluded we can review this ineffectiveness claim on direct appeal as there was no plausible justification for failure to seek the correct instruction. *Johnston*, ¶ 16. We reach the same conclusion here. Trial counsel had nothing to lose in seeking the correct result-based "knowingly" instruction and the failure to do so required the jury to disregard Huggler's explanation for why he walked away from the officer and allowed the jury to convict Huggler without assessing his intent.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10 Reversed and remanded for new trial on the charge of obstruction of a peace officer under § 45-7-302, MCA.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

5