FILED

08/15/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0253

DA 22-0253

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 157N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JOHN WESLEY BUCHANAN,

       Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC-2017-425
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Palmer A. Hoovestal, Hoovestal Law Firm, PLLC, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

          Kevin Downs, Lewis and Clark County Attorney, Stephanie Robles,
Special Deputy County Attorney, Helena, Montana

          Submitted on Briefs:  May 24, 2023

                 Decided:  August 15, 2023

Filed:

                   _____
                              Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     John Wesley Buchanan appeals his conviction in the First Judicial District Court, Lewis and Clark County, of sexual intercourse without consent, alleging errors with the jury instructions, evidence, verdict form, and his counsel's failure to object to the foregoing issues. Buchanan requests that this Court exercise plain error review. Upon review, we affirm.

¶3     In October 2017, the State of Montana charged Buchanan with multiple sexual offenses occurring over several years. Specifically, the State charged Buchanan with sexual assault that occurred from January 1, 2012, to September 1, 2015, as well as three counts of sexual intercourse without consent, ranging from January 1, 2012, to September 25, 2017. All charges involved K.B. who was under the age of sixteen at the time of the offenses.

¶4     The District Court held a jury trial, beginning on September 9, 2019. The jury found Buchanan guilty of one count of sexual assault and one count of sexual intercourse without consent and not guilty on the remaining two offenses. Buchanan moved the court for, and the District Court granted, a new trial for the sexual assault conviction because the date

2

range in the jury instructions was incorrect. On February 5, 2020, the District Court held a sentencing hearing for the sexual intercourse without consent conviction and imposed a fifty-year prison term with fifteen years suspended. The State later moved for dismissal of the sexual assault charge. Buchanan appeals.

¶5      Buchanan first argues that the District Court failed fully and fairly to instruct the jury on the applicable law thereby violating Buchanan's constitutional right to a unanimous jury verdict. He contends that the verdict form was erroneous, confusing, and legally deficient which prejudiced him. Buchanan explains that the directions listed below Count I of sexual assault were incorrect because it listed sexual intercourse without consent instead of sexual assault. The verdict form stated:

> We the jury, duly impaneled and sworn to try the issues in the above-entitled cause, enter the following unanimous verdict:
>
> COUNT I:
> 1.  To the charge of SEXUAL ASSAULT:
> _____
> (Write on the above line "guilty" or "not guilty")
>
> 2.  **(Answer the following only if you have found the Defendant guilty of Count I: Sexual Intercourse without Consent)**.
>
>       We unanimously find, by proof beyond a reasonable doubt, that at the time of the offense alleged above, K. was less than 16 years old and that the Defendant was 3 or more years older than K.
>          ____Yes        ____No
>
> COUNT II:
> 3.  To the charge of SEXUAL INTERCOURSE WITHOUT CONSENT:
> _____
> (Write on the above line "guilty" or "not guilty")
>
> 4.  **(Answer the following only if you have found the Defendant guilty of Count I: Sexual Intercourse without Consent)**.

3

We unanimously find, by proof beyond a reasonable doubt, that at the time of the offense alleged above, K. was less than 16 years old and that the Defendant was 4 or more years older than K.

____Yes        ____No

COUNT III:

5. To the charge of SEXUAL INTERCOURSE WITHOUT CONSENT:

_____

(Write on the above line "guilty" or "not guilty")

6. **(Answer the following only if you have found the Defendant guilty of Count I: Sexual Intercourse without Consent)**.

We unanimously find, by proof beyond a reasonable doubt, that at the time of the offense alleged above, K. was less than 16 years old and that the Defendant was 4 or more years older than K.

____Yes        ____No

COUNT IV:

7. To the charge of SEXUAL INTERCOURSE WITHOUT CONSENT:

_____

(Write on the above line "guilty" or "not guilty")

7. **(Answer the following only if you have found the Defendant guilty of Sexual Assault)**

We unanimously find, by proof beyond a reasonable doubt, that at the time of the offense alleged above, K. was less than 16 years old and that the Defendant was 4 or more years older than K.

____Yes        ____No

(Emphasis in original.)

¶6     The erroneous directions each address whether K.B. was under the age of 16 at the time of the offense, which was correctly noted on the verdict form. Following the answer for sexual assault in Count I, the form instructs at 2.: "Answer the following only if you have found the Defendant guilty of Count I: Sexual Intercourse without Consent." That provision is mistaken—Count I was sexual assault as correctly noted on the form.

4

¶7 Following the answer for sexual intercourse without consent in Count II, the form instructs at 4.: "Answer the following only if you have found the Defendant guilty of Count I: Sexual Intercourse without Consent." That provision was also mistaken, in that it referenced Count I rather than Count II.

¶8 The jury form was completed and signed on September 13, 2019, by the foreperson. On the blank line in Count I, the term "guilty" was clearly written. At point 2., the line next to "Yes" was clearly marked. On the blank line in Count II, the term "guilty" was clearly written. At point 4., the line next to "Yes" was clearly marked.[1]

¶9 Buchanan maintains that these errors affected his right to a unanimous verdict. The State highlights that Buchanan raises unpreserved errors and that nothing in the record demonstrates that the typographical errors in the verdict form caused confusion with the jury.

¶10 We find the State's arguments dispositive in light of the record. During the afternoon of the fourth day of trial without the jury present, the court settled the jury instructions and verdict form with counsel and Buchanan present. The jury instructions included the legal requirement for the additional findings with each offense regarding the age of consent. Buchanan's counsel did not object to any of the instructions and only clarified a few, including the verdict form. Buchanan's counsel noted that he filed a verdict form after the court mentioned that it had "concerns about, the original verdict form."

---

[1] Buchanan was acquitted on Counts III and IV, both sexual intercourse without consent charges. The District Court later granted a new trial on the sexual assault conviction due to error with the offense's date, and the court granted the State's motion to dismiss the charge after sentencing.

[Counsel]:    I did file a verdict form, too.

[Court]:      Did you?

[Counsel]:    But it was actually filed I think, in the record.

[State]:      It must be.  I remember seeing it but--

[Court]:      Have you looked at this?

[State]:      I forgot to bring our copy.  I think there has to be a finding of age with sexual intercourse without consent as well.

.    .    .

[Counsel]:    Well, I guess I'm looking at your verdict.  Count I is supposed to be sexual assault.

[State]:      I thought I changed it.  Yeah.

[Counsel]:    But then you go to Counts III and IV.  Count IV then has the three years or older.

[State]:      Maybe I didn't change it on there.

[Court]:      Okay.

Buchanan's counsel raised his concerns with the State's verdict form, but raised no further objection.[2]  While the resulting verdict form had typographical errors, the jury never raised any claims about confusion or these errors.[3]  The District Court polled the jury, and each answered affirmatively on both convictions.  Buchanan has not demonstrated that the jury was confused by the verdict form.

---

[2]  Buchanan concedes he did not object to the verdict form and raised that as an ineffective assistance of counsel issue.

[3]  During deliberations, the jury sent questions referring to the three sexual intercourse without consent offenses.

¶11 Buchanan also contends that the court's answer to the jury's questions added to the trial confusion. The jury asked the court: "ARE THE THREE COUNTS of sex W/OUT Consent referring to three DIFFERENT <u>METHODS</u> of penetration? Or is it referring to three EVENTS (occurrances)[*sic*]?" (Emphasis in original.) The court responded with hand-written answers on the document: "The 3 counts refer to 3 <u>events</u>." (Emphasis in original.) Buchanan now challenges the court's answer to the jury's question; the State contends that the court did not contradict the purpose of the instruction with the use of "events" as opposed to specific acts. The court responded to the jury's question after consulting with counsel and with no objection.

¶12 The other jury question was: "Do we have to be unanimous for NOT Guilty or just Guilty?" (Emphasis in original.) The State refers to the unanimity instruction, derived from the Model Criminal Jury Instructions, delivered in this proceeding. The District Court repeated its instruction concerning unanimity throughout the trial. *See State v. Weaver*, 1998 MT 167, ¶ 39, 290 Mont. 58, 964 P.2d 713, *superseded by statute on other grounds*, §§ 46-4-406 through -411, MCA, 2009 Mont. Chap. 214, § 6, eff. Oct. 1, 2009; *as recognized in State v. Deines*, 2009 MT 179, ¶ 19, 351 Mont. 1, 208 P.2d 857. Concerning the jury's questions, the court confirmed to the jury that the decision had to be unanimous: "The verdict, guilty or not guilty, must be unanimous."

¶13 This Court rarely invokes plain error review of issues not raised in the trial court. "We review for plain error sparingly, on a case-by-case basis." *State v. Clemans*, 2018 MT 187, ¶ 20, 392 Mont. 214, 422 P.3d 1210 (citing *State v. Finley*, 276 Mont. 126, 137, 915 P.2d 208, 215). "'A mere assertion that constitutional rights are implicated or that failure

7

to review the claimed error may result in a manifest miscarriage of justice is insufficient to implicate the plain error doctrine.'" *Clemans*, ¶ 20 (citations omitted). "Failure to make a timely objection during trial constitutes a waiver of the objection . . . ." Section 46-20-104(2), MCA. "This Court will invoke plain error review sparingly, and only if the error claimed implicates a party's fundamental constitutional rights . . . ." *State v. Daniels*, 2019 MT 214, ¶ 30, 397 Mont. 204, 448 P.3d 511. "This Court generally 'will not consider issues raised for the first time on appeal when the appellant had the opportunity to make an objection at trial.'" *Daniels*, ¶ 24 (quoting *Weaver*, ¶ 24).

¶14 We will review whether such failure for plain error review would "(1) result in a manifest miscarriage of justice; (2) leave unsettled the question of the fundamental fairness of the trial or proceedings; or (3) compromise the integrity of the judicial process." *Daniels*, ¶ 25 (citing *Weaver*, ¶ 25). (Other citations omitted.) Buchanan has not demonstrated any of the criteria. *See Daniels*, ¶ 30. No manifest miscarriage of justice exists because K.B. testified to her various experiences with Buchanan as the abuser over the years. The jury navigated the verdict form with its incumbent errors, and the jury reached a decision on the conviction for sexual intercourse without consent consistent with the court's use of terms in answer to the jury's question.

¶15 While Buchanan has a fundamental right to a unanimous jury verdict, Buchanan has not met his burden to warrant plain error review. Buchanan has not shown that the instructions did not fully and fairly instruct the jury on the applicable law. Neither the jury instructions, the verdict form, or the court's answer to the jury's question demonstrate that

8

a fundamental mistake has been made or violate Buchanan's fundamental constitutional rights. We decline to exercise plain error review for these issues that Buchanan raises.

¶16 Finally, Buchanan argues that there are three record-based claims of ineffective assistance of counsel (IAC). Buchanan puts forth that his counsel failed: (1) to object to evidence of sexual intercourse without consent that occurred outside the jurisdiction; (2) to object to the flawed verdict form presented to the jury; and (3) to object to the District Court's "incorrect" answer to the jury's question.

¶17 This Court considers IAC claims by applying the two-pronged test from *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). *See State v. Kirn*, 2023 MT 98, ¶ 53, 412 Mont. 309, 530 P.3d 1. "Under *Strickland*, a defendant must prove (1) that counsel's performance was deficient, which requires a showing that counsel was not functioning as guaranteed by the Sixth Amendment; and (2) that the deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Kirn*, ¶ 53 (citing *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064). To establish a record-based IAC claim, an appellant "must ground his or her proof of facts within the record and not on conclusory allegations." *State v. Turnsplenty*, 2003 MT 159, ¶ 14, 316 Mont. 275, 70 P.3d 1234.

¶18 K.B. testified to years-long abuse that included an incident that occurred during a hunting trip where Buchanan and K.B. shared a hotel room near White Sulphur Springs in Meagher County. Both the prosecution and the defense made use of the Meagher County evidence as a matter of trial strategy. The prosecutor relied on the 2016 hunting trip and

9

hotel stay to explain why K.B. initially reported the abuse—to avoid taking another overnight trip. Buchanan's attorney repeatedly used K.B.'s account of that trip to challenge her veracity and explanation of events. However, both attorneys did stipulate to a limiting instruction, and the District Court provided the following caution: "In this case, Defendant is not charged with, and cannot be convicted of, any offense that was committed outside Lewis and Clark County."

¶19 There is a strong presumption that counsel's defense strategies and trial tactics fall within a wide range of reasonable and sound professional decisions. *Strickland*, 466 U.S. at 688-89, 104 S. Ct. at 2064-65; *Turnsplenty*, ¶ 14. Buchanan is unable to overcome that presumption. Here, the record does not support an IAC claim for Buchanan's counsel's failure to act.

¶20 Even if Buchanan could show that his counsel's performance was deficient, he fails to demonstrate that he was prejudiced. *See State v. Howard*, 2011 MT 246, ¶ 20, 362 Mont. 196, 265 P.3d 606 ("If an insufficient showing is made on one prong, we need not address the other.") (internal citation omitted). We note that the jury found Buchanan not guilty on two counts. *See also Turnsplenty*, ¶ 14 (Prejudice is established by showing that, but for counsel's errors, the outcome of the case would have been different.).

¶21 In a February 4, 2020 Order denying Buchanan's motion for a new trial, the District Court pointed to the clear evidence that the jury found unanimously to support the essential elements for a sexual intercourse without consent verdict. Buchanan has not pointed to any question, based on this record, that he had inadequate representation of counsel.

¶22 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Having reviewed the briefs and record on appeal, we conclude that Buchanan has not met his burden of persuasion.

¶23 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE