

**FILED**

10/31/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0603

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0603

DONALD W. PULST,

Petitioner,

v.

STATE OF MONTANA,

Respondent.

ORDER

**FILED**

OCT 3 1 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Representing himself, Daniel Wayne Pulst has filed a Petition for Writ of Habeas Corpus, indicating that he is entitled to good time that has not been credited against his sentence and that his incarceration is illegal. He states that he "completed SOP-1 and SOP-2 and [he's] threatened with re-Incarceration if [he does] not complete it again."[1] He writes that none of the MSOTA counselors in the Great Falls area have openings in their calendars to take him.[2] Pulst requests a court order allowing him "to use the services of any licensed provider if required by [his] parole officer."

Some background is necessary here. Available electronic records indicate that, in 2013, a jury found Pulst guilty of sexual intercourse without consent, two counts of sexual assault, and misdemeanor indecent exposure. The Hill County District Court sentenced Pulst to concurrent prison terms: thirty years with twenty years suspended for the sexual intercourse without consent conviction and twenty years with ten years suspended for each sexual assault conviction. He also received a six-month jail term for the misdemeanor. Pulst appealed. This Court affirmed in part, reversing the written judgment to correct three conditions. *State v. Pulst*, 2015 MT 134, 379 Mont. 494, 351 P.3d 687 (*Pulst I*).

---

[1] SOP is sex offender treatment program, also offered at the Montana State Prison.

[2] MSOTA stands for Montana Sexual Offender Treatment Association.

In 2017, the State sought to revoke the sentences for the sexual offense convictions. The District Court held a hearing on the violations of his conditions and revoked his sentence. On March 29, 2018, the District Court sentenced him to twenty years at the Montana State Prison (MSP) with fourteen years suspended for the first felony, and the court imposed suspended, ten-years terms for the two sexual assault convictions. Pulst did not appeal.

In January 2021, the State sought another revocation of Pulst's sentence. The District Court resentenced Pulst. Through counsel, Pulst appealed. We reversed the revocation of Pulst's 2018 sentence and vacated the sentence imposed on February 5, 2021. *State v. Pulst*, 2023 MT 162, ¶¶ 3, 14, 413 Mont. 197, 534 P.3d 128 (*Pulst II*). We stated that "[t]he District Court, in essence, found an anticipatory probation violation" when Pulst did not obtain a MSOTA clinical member prior to his release into the community when the correlating condition did not require that. *Pulst II*, ¶ 6. We pointed out:

> Pursuant to § 46-18-203(7), MCA, the District Court was required to find Pulst violated condition 10. dd. as a predicate to exercising its authority to impose a new sentence. Here, like *Beam*, the timeline for completing sex offender treatment by the condition's plain language is inconsistent with the State's position and the District Court's conclusion that Pulst violated condition 10. dd. The plain language of condition 10. dd. contained in the 2018 Order and Sentence requires Pulst enter and complete sex offender treatment **within 3 years of release into the community,** not that he have treatment lined up before his release. The District Court had no authority to revoke Pulst's sentence and impose a new sentence on the basis that Pulst did not have MSOTA sex offender treatment arranged prior to release to the suspended portion of his sentence as no such requirement was contained in condition 10. dd. of the 2018 Order and Sentence on Petition to Revoke.

*Pulst II*, ¶ 13. (Emphasis in original.) This Court re-imposed his sentence from March 29, 2018.

Here, instead of an anticipatory probation violation, we have anticipatory incarceration by Pulst. This Court observes that Pulst is not incarcerated. Since September 7, 2023, Pulst has been under the supervision of the Probation and Parole Office in Great Falls. The habeas corpus "statute allows a prisoner to challenge the legal sufficiency of the *cause* for incarceration." *Gates v. Missoula County Comm'rs*, 235 Mont.

2

261, 262, 766 P.2d 884, 884 (1988). Pulst has not alleged that the cause of his incarceration is unlawful. We remind Pulst that he must enter and complete sex offender treatment in the community within three years, according to the March 29, 2018 Order and Sentence.

Pulst's remedy is not with this Court. Pulst is not entitled to good time credit because he committed his offenses well after 1995. His attached sentence calculation reflects that the MSP Records Department updated his sentences on September 7, 2023. Pulst is under the supervision of the Department of Corrections (DOC), whether he is on probation or parole. Sections 46-23-1011 and -1021, MCA. His remedy lies with the DOC. He may work with his supervising officer and place his request in writing to the DOC concerning the lack of available treatment providers where he has been placed. Accordingly,

IT IS ORDERED that Pulst's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is also directed to provide a copy to counsel of record and to Daniel Wayne Pulst personally.

DATED this 31st day of October, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3